CR - 16 00211   LHK   HRL   E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SEALED BY ORDER OF COURT

FILED

### *SAN JOSE DIVISION*

## THE UNITED STATES OF AMERICA
## vs. Vilasini Ganesh
## and Gregory Belcher

MAY 19 2016
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

---

# INDICTMENT

**COUNT ONE:** (18 U.S.C. § 1349 – Health Care Fraud Conspiracy)

**COUNTS TWO – SIX:** (18 U.S.C. §§ 1347 and 2 – Health Care Fraud)

**COUNTS SEVEN – ELEVEN:** (18 U.S.C. § 1035 – False Statements Relating to Health Care Matters)

**COUNT TWELVE:** (18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering)

**COUNTS THIRTEEN – EIGHTEEN:** (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 – Money Laundering)

**FORFEITURE ALLEGATION:** (18 U.S.C. § 982(a)(7) - Health Care Fraud Forfeiture)

*A true bill.*

_____
*Foreperson*

---

*Filed in open court this* __19__ *day of* __May__
*A.D. 201_6_*

_____
**United States Magistrate Judge**

---

**Bail. $** __No bail arrest warrants__ as to both defendants, Ganesh and Belcher.

_____

DOCUMENT NO. 1.e
DISTRICT COURT
CRIMINAL CLERK

1  BRIAN J. STRETCH (CABN 163973)
2  United States Attorney

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN JOSE DIVISION

11

12  UNITED STATES OF AMERICA,              ) No. CR-16 00211 LHK HRL
                                           )
13          Plaintiff,                     ) VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy to
                                           ) Commit Health Care Fraud; 18 U.S.C. §§ 1347 and 2
14     v.                                  ) – Health Care Fraud and Aiding and Abetting; 18
                                           ) U.S.C. § 1035(a)(2) – False Statements Relating to
15                                         ) Health Care Matters; 18 U.S.C. § 1956(h) –
                                           ) Conspiracy to Commit Money Laundering; 18 U.S.C.
16  VILASINI GANESH and                    ) § 1956(a)(1)(B)(i) and 2 – Money Laundering and
    GREGORY BELCHER,                       ) Aiding and Abetting; 18 U.S.C. § 982(a)(7) –
17                                         ) Criminal Forfeiture; 18 U.S.C. § 982(b)(1) – Money
          Defendants.                      ) Laundering Forfeiture
18                                         )
                                           )
19                                         ) SAN JOSE VENUE
                                           )
20  _____ )

21                      I N D I C T M E N T

22  The Grand Jury charges:

23                  INTRODUCTORY ALLEGATIONS

24  At all times relevant to this Indictment, unless otherwise indicated:

25      General Introductions

26      1.      Defendant VILASINI GANESH ("GANESH") was a physician licensed to practice in

27  the State of California, providing general practitioner and family medical services to individuals in and

28  around Saratoga, California.  Beginning sometime in or about 2004, GANESH joined a pre-existing

INDICTMENT
                                    1

1   medical practice under the name Campbell Medical Group ("CMG").  GANESH was assigned and used
2   the Taxpayer Identification Number ("TIN") xx47871 as a unique identifier required for her business
3   billings.

4       2.      Defendant GREGORY BELCHER ("BELCHER") was a physician licensed to practice in
5   the State of California, providing orthopedic medical and surgical services to individuals in and around
6   Saratoga, California. BELCHER maintained and used two TINs for his billings, xx09434 and xx16097.

7       3.      Since approximately 2008, GANESH and BELCHER have shared clinical offices located
8   at 18805 Cox Avenue, Suites 110 and 160, Saratoga, California 95070.

9       4.      E.D., whose identity is known to the Grand Jury, was a medical doctor licensed in
10  California and the previous owner and operator of CMG from 1987 and 2005. In 2005, E.D. transferred
11  ownership of CMG to GANESH.  Prior to 1987, CMG had been a medical practice operated under the
12  acronym "KRD" by E.D. and two other doctors. The TIN for the KRD practice when it was established
13  in or about the late 1970s was xx43757. When KRD changed its name to CMG in or about 1987, E.D.
14  and his partners continued to use the same xx43757 TIN (referred to herein as the "KRD TIN").  As of
15  2006, neither E.D. nor his original partners were involved in practicing medicine at CMG.

16             Health Care Benefit Programs

17      5.      A "health care benefit program," as defined by 18 U.S.C. § 24(b), includes any public or
18  private plan or contracts, affecting commerce "under which any medical benefit, item, or service is
19  provided to any individual, and includes any individual or entity who is providing a medical benefit,
20  item, or service for which payment may be made under the plan or contract."

21      6.      Anthem Blue Cross ("Anthem Blue Cross") was the trade name of Blue Cross of
22  California, operating throughout the State of California as an independent licensee of the Blue Cross
23  Blue Shield Association, but owned by Anthem, Inc., a for-profit corporation.  Anthem Blue Cross was
24  a health insurance carrier that provided health insurance plans to groups of individuals through their
25  employer-sponsored health insurance plans. Headquartered in Indianapolis, Indiana, Anthem is one of
26  the nation's largest health care benefit programs, serving over 38 million members.

27      7.      Blue Shield of California ("Blue Shield") was a not-for-profit health plan provider based
28  in San Francisco, California, which serves over 4 million individual health plan members as an

INDICTMENT

2

1  independent member of the Blue Cross Blue Shield Association.

2    8.    Cigna Health & Life Insurance Company ("Cigna") was an American worldwide health

3  services organization.  Cigna's insurance subsidiaries are major providers of medical, dental, disability,

4  life and accident insurance and related products and services, the majority of which are offered through

5  employers and other groups.  Cigna Global Health Benefits is a unit within Cigna and headquartered in

6  Wilmington, Delaware.

7    9.    UnitedHealthcare Services ("UnitedHealthcare") was an operating division of

8  UnitedHealth Group, the largest single health carrier in the United States.   UnitedHealth Group is an

9  American diversified managed health care company based in Minnetonka, Minnesota, which offers a

10  spectrum of products and services through two operating businesses, UnitedHealthcare and Optum.

11    10.    Aetna Life Insurance Company ("Aetna"), headquartered in Hartford, Connecticut, was

12  one of the nation's leading diversified healthcare companies, and a member of the "Fortune 100."  Aetna

13  offers a broad range of traditional and consumer-directed healthcare insurance products and related

14  services.  Aetna Life Insurance Company is a subsidiary of Aetna and underwrites some of its health

15  plan policies.

16    11.    Patients covered by the health care benefit program were called "beneficiaries."

17  Physicians who saw and treated beneficiaries were called "providers."

18    Billing and Diagnostic Codes

19    12.    Health care benefit programs, including Anthem Blue Cross, Blue Shield, Aetna, Cigna,

20  and UnitedHealthcare (collectively, "HCBPs") helped to pay for certain medically necessary physician

21  services, outpatient services, and other medical services, and also for medically necessary inpatient

22  hospital care, including medically necessary testing.

23    13.    HCBPs ordinarily authorized payment for physician and hospital services only if those

24  services were actually provided and were "medically necessary," that is, the services were required

25  because of disease, disability, infirmity, or impairment. HCBPs would not pay for services and treatment

26  that were not actually provided or if the patient did not meet the criteria that indicated the patient needed

27  the relevant services and treatment.

28    14.    At various times throughout the relevant period, Defendant GANESH was enrolled as a

INDICTMENT

1  provider of services to Anthem Blue Cross, Blue Shield, Aetna, Cigna, and UnitedHealthcare, and was
2  eligible for reimbursement for covered services that were provided.

3      15.   Medical services were billed to HCBPs by using numerical codes called Current
4  Procedural Terminology codes ("CPT codes").  CPT codes provide a uniform language that accurately
5  described medical, surgical, and diagnostic services billed to the private health insurance programs.  The
6  American Medical Association annually published and made available to all providers entitled to submit
7  claims to HCBPs a CPT Manual, which set forth the criteria to be considered in selecting the proper
8  codes to represent the services rendered.

9      16.   Similarly, health care providers reported diagnoses using numerical codes called "ICD-9-
10  CM" codes.

11      17.   When submitting claims for reimbursement for services provided, medical providers
12  were required to use correct CPT codes to identify each procedure and service. Health care benefit
13  programs required providers to accurately list the CPT code that most completely identified the
14  procedures or services performed.

15      18.   Claims for reimbursement for medical services provided could be submitted to the
16  HCBPs through the use of the health insurance claim form "CMS-1500" (formerly "HCFA-1500").  The
17  CMS-1500 required submission of accurate information relating to the services provided, including:
18  patient information; the type of service provided; a modifier to further describe such service (if
19  applicable); the date such services were provided; the charge for such services; the diagnosis; and the
20  name and/or provider identification number of the performing physician.

21      19.   The CMS-1500 form also provided several notices to the individual submitting the form
22  as to the information being provided, including the following:

23          NOTICE: Any person who knowingly files a statement of claim
        containing any misrepresentation or any false, incomplete or misleading
24          information may be guilty of a criminal act punishable under law and may
        be subject to civil penalties.
25

26      20.   In some instances, claims for reimbursement for medical services provided could be
27  submitted electronically to the private insurance companies. The electronic claim was electronically
28  transmitted in data "packets" from the provider's computer using a broadband internet connection, and

INDICTMENT

4

1  required the inclusion of certain information relating to the services provided, including: patient

2  information; type of services (CPT code); a modifier to further describe such service (if applicable); date

3  of such service; and diagnosis.

4  <u>THE SCHEME AND ARTIFICE TO DEFRAUD</u>

5      21.    Beginning no later than on or about July 2009 and continuing through at least September

6  2014, defendants GANESH and BELCHER intended to devise and participated in a scheme to defraud

7  health care benefit programs by means of materially false and fraudulent pretenses and representations

8  in connection with the delivery or payment for health care benefits, items and services, which scheme is

9  further described below.

10      22.    It was a purpose of the scheme for GANESH and BELCHER to unlawfully enrich

11  themselves by, among other things, (a) submitting false and fraudulent claims to the HCBPs; (b)

12  concealing the submission of false and fraudulent claims to the HCBPs; and (c) diverting proceeds of the

13  fraud for their personal use.

14      23.    It was part of the scheme that defendant GANESH submitted and caused to be submitted

15  to HCBPs claims for services that GANESH knew were not properly payable because (1) defendant

16  GANESH included false CPT codes, which artificially inflated both the seriousness of the patient's

17  condition as well as the time which the physician spent examining the patient; (2) defendant GANESH

18  included false diagnoses in the claims which did not correspond with the true health and presentation of

19  the patient beneficiaries; (3) defendant GANESH included claims for days when the patient

20  beneficiaries had not been seen by the provider; and (4) defendant GANESH represented that the patient

21  beneficiaries were seen by another physician provider (not herself) no longer affiliated with defendant

22  GANESH and her practice at CMG.

23      24.    Defendants GANESH and BELCHER did not employ a designated "bookkeeper" or

24  maintain a billing department, staffed by anyone with specific training in medical billing.  Instead,

25  GANESH instructed office receptionists and medical assistants to enter and submit bills to the HCBPs

26  based on her written instructions. Defendant BELCHER occasionally instructed his office staff to assist

27  in this effort.

28      25.    It was further part of the scheme to defraud that in or about January 2010, defendant

INDICTMENT

1   GANESH began to use the TIN xx43757, which was previously assigned to and used by CMG/KRD,

2   and had not been used substantially since E.D. left the practice in 2006.  Between 2010 and 2014,

3   GANESH used the KRD TIN to submit claims in the name of E.D. and KRD as the service provider to

4   several HCBPs, including Anthem Blue Cross and Blue Shield, while also submitting claims to other

5   HCBPs simultaneously using her own TIN and listing herself as the provider.

6          26.      It was further part of the scheme to defraud that defendant GANESH submitted to the

7   HCBPs false requests for reimbursement using the CPT Codes 99245 or 99215, accounting for

8   approximately 85 percent of all the claims for reimbursement submitted by defendant GANESH

9   between 2007 and 2014.  Both of these CPT codes represent time-intensive office visits of at least 80

10  minutes for patients requiring the highest level of complex care and experiencing symptoms of

11  moderate-to-high severity.

12         27.      It was a further part of the scheme to defraud that defendant GANESH, when approached

13  by representatives of the HCBPs or the patient beneficiaries themselves to provide documentation or

14  additional information to substantiate the claims that she was submitting, or that were being submitted at

15  her direction and on her behalf, defendant GANESH further misrepresented, concealed, and hid or

16  directed her subordinates to misrepresent, conceal or hide, acts done in furtherance of the scheme and

17  the purposes of those acts.

18         28.      In furtherance of the scheme, in or about 2011, defendants GANESH and BELCHER

19  opened a bank account at Bank of America, ending in xx68753, in the name of "Dr. Ganesh MD, Inc.,

20  dba [KRD], Inc."   Both GANESH and BELCHER had signature authority over the account.  This

21  account was used almost exclusively to deposit the reimbursement checks that defendants received from

22  HCBPs, which were made payable to KRD and/or E.D.

23         29.      Also in furtherance of the scheme, defendant GANESH submitted hundreds of claims for

24  reimbursement from the HCBPs for days which (i) were weekends when the CMG office located in

25  Saratoga was closed; (ii) the patient denied they were seen; (iii) used CPT codes under both her own

26  TIN and the KRD TIN which accounted for more than 24 hours in a single day; and/or (iv) were days

27  when the patient beneficiary could not have been seen by GANESH or her staff because either the

28  patient or defendant GANESH was not physically present in California. In particular:

INDICTMENT

a.  Defendant GANESH submitted a total of 88 reimbursement requests to various HCBPs falsely claiming a total of 116 hours of patient care in a single day, June 28, 2012, including a request sent on June 13, 2013, to Anthem Blue Cross on a CMS-1500, falsely claiming that E.D. of KRD had provided services to patient beneficiary S.S. on June 28, 2012.

b.  On or about June 12, 2013, defendant GANESH submitted a request for reimbursement to Blue Shield through their electronic management system falsely claiming patient beneficiary M.K. had been seen by E.D. on March 5, 2012, using CPT Code 99245, indicating that an 80-minute visit with the highest level of complexity had occurred.

c.  Defendant GANESH submitted a total of 170 reimbursement requests to various HCBPs, using both the KRD TIN and her own TIN, falsely claiming a total of 114 hours of patient care in the CMG office on Saturday, December 29, 2012, including one claim submitted to Cigna on March 29, 2013, for care allegedly provided to patient beneficiary M.H.

d.  Defendant GANESH submitted a total of 164 reimbursement requests to various HCBPs, using both the KRD TIN and her own TIN, falsely claiming a total of 113 hours of patient care on Sunday, December 30, 2012, including one claim submitted to Cigna on March 29, 2013, for care allegedly provided to patient beneficiary M.H.

e.  Defendant GANESH submitted a total of 124 reimbursement requests to various HCBPs, using both the KRD TIN and her own TIN, falsely claiming a total of 85 hours of patient care on Monday, December 31, 2012, including one claim submitted to Cigna on March 29, 2013, for care allegedly provided to patient beneficiary M.H.

f.  From on or about May 7, 2014, to on or about May 20, 2014, defendant BELCHER submitted fifteen fraudulent reimbursement claims, for a total of $1,354, to Cigna for care allegedly provided to patient beneficiary M.H., when in truth and in fact, defendant BELCHER provided no care to the patient on the claimed dates.

g.  From on or about May 7, 2014, to on or about May 20, 2014, defendant GANESH

INDICTMENT

7

submitted four fraudulent reimbursement claims, for a total of $800, to Cigna for care allegedly provided to patient beneficiary M.H., when in truth and in fact, defendant GANESH provided no care to the patient on the claimed dates.

h.   On or about May 12, 2014, Defendant GANESH submitted four fraudulent reimbursement claims, for a total of $800, to UnitedHealthcare for care allegedly provided to patient beneficiary A.D. under CPT Code 99215, on February 17, 19, 21, and 23, 2014, when in truth and fact, defendant GANESH provided no care to the patient on the claimed dates.

i.   Between on or about July 20, 2012 and on or about December 1, 2012, defendant GANESH submitted to Aetna over 73 claims all purportedly for the care of a single patient beneficiary, S.K., almost all of which were billed at CPT Code 99245, indicating visits of approximately 80 minutes in length.  In truth and fact S.K. reported that she or her family members were seen by GANESH no more than nine times total in the four month period, and never for more than 15 minutes at a time. When S.K. contested the charges with Aetna in or about March 2013, Aetna sought additional documentation from GANESH and disallowed approximately $4000.00 of the billed charges. When Aetna failed to pay, defendant GANESH sent S.K. a bill in December 2014 purporting to claim that S.K. and family personally owed CMG $7,350.00 in unpaid and unreimbursed office visits.

COUNT ONE:  (18 U.S.C. § 1349 – Health Care Fraud Conspiracy)

30.   Paragraphs 1 through 29 are re-alleged and incorporated as if fully set forth here.

31.   From at least in or about January 2008 through in or about January 2015, in the Northern District of California and elsewhere, the defendants,

VILASINI GANESH and
GREGORY BELCHER,

did knowingly and intentionally conspire and agree with one another to execute, and to attempt to execute, a material scheme and artifice (1) to defraud a health care benefit program affecting commerce,

INDICTMENT

8

as defined in Title 18, United States Code, Section 24(b), namely Anthem Blue Cross, Blue Shield, Cigna, Aetna, and UnitedHealthcare, and (2) to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money owned by and under the custody and control of a health care benefit program, all in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO – SIX:  (18 U.S.C. §§ 1347 and 2 – Health Care Fraud)

32.     Paragraphs 1 through 29 are re-alleged and incorporated as if fully set forth here and in each of Counts Two through Six, below.

33.     On or about the dates set forth below, in the Northern District of California, the defendant,

VILASINI GANESH,

knowingly and willfully executed and attempted to execute a described scheme and artifice (1) to defraud a health care benefit program as defined in Title 18, United States Code, Section 24(b), and (2) to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money owned by and under the custody and control of the health care benefit program, in connection with a delivery of and payment for health care benefits, items, and services:

| Count | Date Claimed | Benficiary | HCBP | Date Paid | Amount Paid |
|-------|--------------|------------|------|-----------|-------------|
| TWO | 06/28/2012 | S.S. | Anthem Blue Cross | 06/17/2013 | $1,454.14 |
| THREE | 03/05/2012 | M.K. | Blue Shield | 04/19/2013 | $432.16 |
| FOUR | 12/30/2012 | M.H. | Cigna | 07/08/2013 | $1,000.00 |
| FIVE | 02/17/2014 | A.D. | UnitedHealthcare | 05/20/2014 | $4,744.15 |
| SIX | 09/21/2012 | S.K. | Aetna | 01/02/2013 | $6,627.61 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

INDICTMENT

COUNTS SEVEN – ELEVEN:  (18 U.S.C. § 1035 – False Statements Relating to Health Care Matters)

34.     Paragraphs 1 through 33 are re-alleged and incorporated as if fully set forth here and in each of Counts Seven through Eleven, below.

35.     On or about the dates set forth below, in the Northern District of California, the defendant

VILASINI GANESH,

knowingly and willfully made and used a materially false writing and document, namely a request for beneficiary payment, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with payment for health care benefits, items, and services in a matter involving a health care benefit program, as defined in 18 U.S.C. § 24(b):

| Count | Date Claim Submitted | Beneficiary | HCBP | CPT Code /TIN Billed | Nature of Proof of False Representation |
|---|---|---|---|---|---|
| SEVEN | 12/23/2013 | S.S. | Anthem Blue Cross | 99215 / xx43757 | Impermissible usage of TIN associated with another provider; alleged service not performed on 12/31/2012 for duration claimed |
| EIGHT | 08/10/2013 | M.K. | Blue Shield | 99245/ xx43757 | Impermissible usage of TIN associated with another provider; alleged service not performed on 06/02/2012 and for duration claimed. |
| NINE | 03/29/2013 | M.H. | Cigna | 99215/ xx47871 | Services not provided on three successive days (12/29/2012, 12/30/2012, and 12/31/2012) for the duration claimed |
| TEN | 05/12/2014 | A.D. | UnitedHealthcare | 99215/ xx47871 | Service not rendered on date indicated for duration claimed |
| ELEVEN | 12/10/2012 | S.K. | Aetna | 99245/ xx47871 | Service not rendered on dates and for duration claimed |

INDICTMENT

10

1    All in violation of Title 18, United States Code, Section 1035.

2

3    COUNT TWELVE:  (18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering)

4         36.    Paragraphs 1 through 35, and the transactions alleged in each of Counts Thirteen

5    through Eighteen, are re-alleged and incorporated as if fully set forth here.

6         37.    From in or about May 2011, the exact date being unknown to the Grand Jury, and

7    continuing until in or about January 2014, in the Northern District of California and elsewhere, the

8    defendants,

9                          VILASINI GANESH and
                           GREGORY BELCHER,
10

11   did conspire with each other and with others known and unknown to the Grand Jury, to commit an

12   offense against the United States, to wit: knowing that property involved in a financial transaction

13   represented proceeds of some form of unlawful activity, and with property was in fact the proceeds of

14   specified unlawful activity, namely health care fraud, defendants conducted financial transactions

15   knowing that those transactions were designed in whole and in part to conceal and disguise the nature,

16   location, source, ownership, and control of the proceeds of that specified unlawful activity, in violation

17   of Title 18, United States Code, Section 1956(a)(1)(B)(i);

18        All in violation of Title 18, United States Code, Section 1956(h).

19

20   COUNTS THIRTEEN – EIGHTEEN:  (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 – Money Laundering)

21        38.    Paragraphs 1 through 37 are re-alleged and incorporated as if fully set forth here and in

22   each of Counts Thirteen through Eighteen, below.

23        39.    On or about the dates set forth below, in the Northern District of California and

24   elsewhere, the defendants,

25                         VILASINI GANESH and
                           GREGORY BELCHER,
26

27   did knowingly conduct and attempt to conduct the following financial transactions affecting interstate

28   and foreign commerce, which involved the proceeds of specified unlawful activity, that is health care

INDICTMENT
                                  11

1  fraud, in violation of Title 18, United States Code Section 1347, and false statements in relation to health

2  care matters, in violation of Title 18, United States Code Section 1035, and knowing that the

3  transactions were designed in whole and in part to conceal and disguise, the nature, location, source,

4  ownership, and control of the proceeds of said specified unlawful activity and that while conducting and

5  attempting to conduct such financial transactions, the defendants knew that the property involved in the

6  financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Amount | Monetary Transaction |
|---|---|---|---|
| THIRTEEN | 08/08/2011 | $12,000.00 | Purchase of Cashier's Check No. 432311932 from Bank of America Account ending in xx8753 |
| FOURTEEN | 09/23/2011 | $15,000.00 | Purchase of Cashier's Check No. 422859367 from Bank of America Account ending in xx8753 |
| FIFTEEN | 10/19/2011 | $23,000.00 | Purchase of Cashier's Check No. 433613797 from Bank of America Account ending in xx8753 |
| SIXTEEN | 11/29/2011 | $7,000.00 | Purchase of Cashier's Check No. 422859603 from Bank of America Account ending in xx8753 |
| SEVENTEEN | 12/16/2011 | $20,000.00 | Purchase of Cashier's Check No. 422859519 from Bank of America Account ending in xx8753 |
| EIGHTEEN | 11/19/2013 | $77,000.00 | Deposit of Cashier's Check Nos. 432311932, 422859367, 433613797, 422859603, 422859519 in Bank of the West Account ending in xx7654 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

FORFEITURE ALLEGATION:  (18 U.S.C. § 982(a)(7) - Health Care Fraud Forfeiture)

40.     The factual allegations contained in Paragraphs 1 through 42 are re-alleged and

incorporated as if fully set forth here for the purpose of alleging forfeiture pursuant to Title 18, United

INDICTMENT

States Code, Section 982(a)(1) and (a)(7).

41.     Upon a conviction of any of the offenses alleged in Counts One through Six, the defendants,

**VILASINI GANESH and**
**GREGORY BELCHER**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), all rights, title and interest in property, real and personal, that constitutes or is derived from, directly or indirectly, from gross proceeds traceable to the commission of the offense, including but not limited to a sum of money equal to the gross proceeds obtained as a result of the offense.

42.     Upon a conviction for the offenses alleged in Counts Twelve through Eighteen of this Indictment, the defendants,

**VILASINI GANESH and**
**GREGORY BELCHER**

shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) any property, real and personal, involved in said violations, or any property traceable to such property, including but not limited to a sum of money equal to all property involved in the offense.

43.     If any of the property, as a result of any act or omission of the defendants:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without
           difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1). All in violation of Title 18, United States Code, Sections 982(a)(1), 982(a)(7), 1347, and 1349; and Rule 32.2 of the Federal Rules of Criminal Procedure.

INDICTMENT

DATED: ___19 May 2016___                          A TRUE BILL

                                          _____
                                                   FOREPERSON

BRIAN J. STRETCH
United States Attorney

_____
JEFFREY NEDROW
San Jose Branch Chief

Approved as to form:

_____

AMIE D. ROONEY
Assistant United States Attorney

INDICTMENT

14

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-
  meanor
☒ Felony

*SEALED BY ORDER OF COURT*

PENALTY:   SEE ATTACHMENT

CR - 16

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

*FILED*
*MAY 19 2016*
*SUSAN Y. SOONG*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*SAN JOSE, CALIFORNIA*
*E-filing*

— DEFENDANT - U.S

▶ Vilasini Ganesh

DISTRICT COURT NUMBER

00211   LHK   HRL

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

FBI Special Agent DeVonne Johnson

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form     Brian J. Stretch

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     Amie D. Rooney

---

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
   } ☐ Federal ☐ State

   If answer to (6) is "Yes", show name of institution

_____

Has detainer   ☐ Yes    If "Yes"
been filed?    ☐ No      give date filed

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT    Bail Amount: None

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

_____

Date/Time: _____    Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT

COUNT 1 - Conspiracy to Commit Health Care Fraud - 18 U.S.C. § 1349

[GANESH/BELCHER]
Maximum 10 years imprisonment
$250,000 fine
3 years S/R
$100 special assessment per count

COUNTS 2 through 6 - Health Care Fraud - 18 U.S.C. § 1347

[GANESH only]
Maximum 10 years imprisonment
$250,000 fine
3 years S/R
$100 special assessment per count

COUNTS 7 through 11 - False Statements Relating to Health Care Matters - 18 U.S.C. § 1035

[GANESH only]
Maximum 5 years imprisonment
$250,000 fine
3 years S/R
$100 special assessment per count

COUNT 12 - Conspiracy to Commit Money Laundering - 18 U.S.C. § 1956(h)

[GANESH/BELCHER]
Maximum 20 years imprisonment
$500,000 fine, or twice the value of the property involved in the transaction, whichever is greater.

COUNTS 13 through 18 - Money Laundering and Aiding and Abetting 18 U.S.C. § 1956(a)(1)(B)(i) and 2

[GANESH/BELCHER]
Maximum 20 years imprisonment
$500,000 fine, or twice the value of the property involved in the  transaction, whichever is greater.

$\triangle 1$

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT    ☐ INFORMATION    ☒ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*FILED*

MAY 19 2016

*E-filing*

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

— OFFENSE CHARGED —

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

SEALED BY ORDER OF COURT

PENALTY:    SEE ATTACHMENT

— DEFENDANT - U.S —

▶ Gregory Belcher

DISTRICT COURT NUMBER

CR - 16 00211  LHK  HRL

— PROCEEDING —

Name of Complainant Agency, or Person (& Title, if any)

FBI Special Agent DeVonne Johnson

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form ___ Brian J. Stretch ___
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned) ___ Amie D. Rooney ___

— DEFENDANT —

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
} ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes
been filed?  ☐ No
} If "Yes" give date filed

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

PENALTY SHEET ATTACHMENT

COUNT 1 - Conspiracy to Commit Health Care Fraud - 18 U.S.C. § 1349

[GANESH/BELCHER]
Maximum 10 years imprisonment
$250,000 fine
3 years S/R
$100 special assessment per count

COUNTS 2 through 6 - Health Care Fraud - 18 U.S.C. § 1347

[GANESH only]
Maximum 10 years imprisonment
$250,000 fine
3 years S/R
$100 special assessment per count

COUNTS 7 through 11 - False Statements Relating to Health Care Matters - 18 U.S.C. § 1035

[GANESH only]
Maximum 5 years imprisonment
$250,000 fine
3 years S/R
$100 special assessment per count

COUNT 12 - Conspiracy to Commit Money Laundering - 18 U.S.C. § 1956(h)

[GANESH/BELCHER]
Maximum 20 years imprisonment
$500,000 fine, or twice the value of the property involved in the transaction, whichever is greater.

COUNTS 13 through 18 - Money Laundering and Aiding and Abetting 18 U.S.C. § 1956(a)(1)(B)(i) and 2

[GANESH/BELCHER]
Maximum 20 years imprisonment
$500,000 fine, or twice the value of the property involved in the  transaction, whichever is greater.

