BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JEFFREY D. NEDROW (CABN 161299)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5045
    FAX: (408) 535-5066
    Jeff.nedrow@usdoj.gov

Attorneys for United States of America

**FILED**

JUN 29 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>VILASINI GANESH and<br>GREGORY BELCHER,<br><br>    Defendants. | NO. CR 16-00211-LHK<br><br>STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY |

    The United States, through its counsel Jeff Nedrow, and defendants Vilasini Ganesh and Gregory Belcher, through their respective counsel Daniel Horowitz and Naomi Chung, hereby stipulate and ask the Court to find as follows:

    1. A federal grand jury has returned an 18-count indictment charging defendants Vilasini Ganesh and Gregory Belcher in Count One with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. Counts Two through Six charge defendant Ganesh with health care fraud in violation of 18 U.S.C. § 1347. Counts Seven through Eleven charge defendant Ganesh with making false

STIPULATION AND ~~PROPOSED~~
PROTECTIVE ORDER
CR 16-00211-LHK

1 statements relating to health care matters, in violation of 18 U.S.C. § 1035. Count Twelve charges
2 defendants Ganesh and Belcher with conspiracy to commit money laundering, in violation of 18 U.S.C.
3 § 1956. Counts Thirteen through Eighteen charge defendants Ganesh and Belcher with money
4 laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)9i). The indictment also contains a health care
5 fraud forfeiture allegation in violation of 18 U.S.C. § 982(a)(7).

6     2.    To expedite the flow of discovery material between the parties, facilitate the prompt
7 resolution of disputes over confidentiality, and provide adequate protection to material entitled to be
8 kept confidential, the parties hereby jointly agree to enter into a protective order with respect to certain
9 discovery items designated as confidential in this case.

10     3.    The United States may produce documents and electronic media containing individually
11 identifiable health information (defined as health information that is connected to a patient's name,
12 address, Social Security number, or other identifying number) to defendants, consistent with the
13 government's discovery obligations. The United States shall produce unredacted copies of documents
14 containing this information to the defendants. Upon producing these items to the defendants, the United
15 States shall designate these items as "confidential" in the manner set forth in paragraph 4, below.
16 Except as set forth herein, the defendants may use these items only for purposes of the litigation, and
17 may disclose them to non-parties to this litigation only as needed for the litigation. Should the
18 defendants disagree with the government's designation of a document as "confidential," they shall give
19 written notice to the United States identifying the documents that the defendants contend are not
20 properly designated as confidential. Should the United States continue to believe the documents are
21 properly designated as confidential, the United States shall file a petition for a protective order with the
22 Court demonstrating that there is good cause to designate the documents at issue as confidential. The
23 defendant shall not file or submit documents designated as "confidential" with the Court unless the
24 document or filing is placed under seal. Within 90 days of the conclusion of this litigation, defendants
25 shall return the documents designated as confidential and all copies, as well as all notes, memoranda,
26 summaries, or other documents containing information from the designated confidential documents, to
27 the United States, or shall destroy them and certify in writing to the United States that the documents

28
STIPULATION AND ~~PROPOSED~~
PROTECTIVE ORDER
CR 16-00211-LHK     2

have been destroyed. The defendants shall also have the right to designate certain discovery items as "confidential," and the government shall be required to handle any such designated items of defense discovery in the same manner as described in this paragraph.

4. To designate "confidential" material covered by this Protective Order, the party shall designate the first page of the materials, accompanying cover letter, diskette cover, or other labeling mechanism with the following designation: "Confidential" or "Confidential Material."

5. The procedures for use of designated confidential documents during any hearing or the trial in this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

6. Nothing in this order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery requests that it believes to be otherwise improper.

7. This protective order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

8. Nothing in this protective order will prevent a party from using or disclosing its own documents, or from using or disclosing documents and/or information received by the parties outside the course of discovery in this action.

9. In the event of a request by a third party (excluding Congress or an agency of the United States) for disclosure of designated confidential documents, the party originally producing the designated confidential documents will be given as much notice as is practicable prior to any disclosure of the designated confidential documents to a third party who requests disclosure under any provision of law.

10. Nothing contained in this protective order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or depart of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in

STIPULATION AND ~~PROPOSED~~
PROTECTIVE ORDER
CR 16-00211-LHK                             3

1 | this Protective Order prevent or in any way limit or impair the use of any such designated confidential
2 | documents by an agency in any proceeding relating to any potential violation of law or regulation, or
3 | relating to any matter within that agency's jurisdiction; provided, however, that the agency shall
4 | maintain the confidentiality of the designated confidential documents consistent with the terms of this
5 | Protective Order.

6 | 11. Nothing contained in this Protective Order shall prevent or in any way limit or impair the
7 | right of the United States to provide confidential documents to a Congressional entity; provided,
8 | however, that the United States shall notify the Congressional entity requesting that the designated
9 | confidential documents have been produced pursuant to this Protective Order and shall, if there are no
10 | objections interposed by the Congressional entity requesting the documents, use reasonable efforts to
11 | notify the producing party or nonparty of the Congressional entity's request and the United States'
12 | response to that request.

13 | IT IS SO STIPULATED.

14 | Respectfully submitted.

15 | Dated: 6/21/16

16 | BRIAN J. STRETCH
United States Attorney

18 | /s/
JEFFREY D. NEDROW
Assistant United States Attorney

20 | Dated:

21 | /s/
NAOMI CHUNG
Attorney for Gregory Belcher

23 | Dated:

24 | /s/
DANIEL HOROWITZ
Attorney for Vilasini Ganesh

STIPULATION AND PROPOSED
PROTECTIVE ORDER
CR 16-00211-LHK                    4

or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

11. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting that the designated confidential documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response to that request.

IT IS SO STIPULATED.

Respectfully submitted,

Dated:

        BRIAN J. STRETCH
        United States Attorney

        _____/s/_____
        JEFFREY D. NEDROW
        Assistant United States Attorney

Dated: 6/17/2016

        _____/s/_____
        NAOMI CHUNG
        Attorney for Gregory Belcher

Dated:

        _____/s/_____
        DANIEL HOROWITZ
        Attorney for Vilasini Ganesh

Case 5:16-cr-00211-LHK   Document 20   Filed 06/21/16   Page 6 of 7

1  this Protective Order prevent or in any way limit or impair the use of any such designated confidential
2  documents by an agency in any proceeding relating to any potential violation of law or regulation, or
3  relating to any matter within that agency's jurisdiction; provided, however, that the agency shall
4  maintain the confidentiality of the designated confidential documents consistent with the terms of this
5  Protective Order.

6       11.    Nothing contained in this Protective Order shall prevent or in any way limit or impair the
7  right of the United States to provide confidential documents to a Congressional entity; provided,
8  however, that the United States shall notify the Congressional entity requesting that the designated
9  confidential documents have been produced pursuant to this Protective Order and shall, if there are no
10 objections interposed by the Congressional entity requesting the documents, use reasonable efforts to
11 notify the producing party or nonparty of the Congressional entity's request and the United States'
12 response to that request.

13      IT IS SO STIPULATED.

14      Respectfully submitted,

15      Dated:

16                                    BRIAN J. STRETCH
                                   United States Attorney
17
                                   _____/s/_____
18                                    JEFFREY D. NEDROW
                                   Assistant United States Attorney
19

20      Dated:
                                   _____/s/_____
21                                    NAOMI CHUNG
                                   Attorney for Gregory Belcher
22

23      Dated: 6/20/16
                                   _____/s/_____
24                                    DANIEL HOROWITZ
                                   Attorney for Vilasini Ganesh
25

26

27

28

STIPULATION AND PROPOSED
PROTECTIVE ORDER
CR 16-00211-LHK                              4

## [~~PROPOSED~~] ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED: The government is hereby authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the defense team and may designate discovery to be governed by this protective order as Confidential Discovery. The parties are hereby ordered to comply with the conditions set forth in this stipulation and order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

Dated this 29th day of June 2016.

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

STIPULATION AND ~~PROPOSED~~
PROTECTIVE ORDER
CR 16-00211-LHK                 5