CR-16-00211 - LHK

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

FILED
JUL 13 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

### *SAN JOSE DIVISION*

## THE UNITED STATES OF AMERICA
## vs
## VILASINI GANESH and GREGORY BELCHER

## SUPERSEDING INDICTMENT

| | |
|---|---|
| COUNT 1: | 18 U.S.C. § 1349 - Conspiracy to Commit Health Care Fraud |
| COUNTS 2-10: | 18 U.S.C. §§ 1347 and 2 - Health Care Fraud |
| COUNTS 11-17: | 18 U.S.C. § 1035 - False Statements relating to Health Care Matters |
| COUNT 18: | 18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering |
| COUNTS 19-24: | 18 U.S.C. § 1956(a)(1)(B)(i) and 2 - Money Laundering |

*A true bill.*

_____
Foreperson

Filed in open court this __13__ day of __July__, A.D. 2017

_____
United States Magistrate Judge

Bail. $ __No process as to both defendants__

BRIAN J. STRETCH (CABN 163973)
United States Attorney

**FILED**
JUL 13 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VILASINI GANESH and<br>GREGORY BELCHER,<br><br>Defendants. | No. 16-cr-211-LHK<br><br>VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy to Commit Health Care Fraud; 18 U.S.C. §§ 1347 and 2 – Health Care Fraud and Aiding and Abetting; 18 U.S.C. § 1035(a)(2) – False Statements Relating to Health Care Matters; 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering; 18 U.S.C. § 1956(a)(1)(B)(i) and 2 – Money Laundering and Aiding and Abetting; 18 U.S.C. § 982(a)(7) – Criminal Forfeiture; 18 U.S.C. § 982(b)(1) – Money Laundering Forfeiture<br><br>SAN JOSE VENUE |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment, unless otherwise indicated:

General Introductions

1.      Defendant VILASINI GANESH ("GANESH") was a physician licensed to practice in the State of California, providing general practitioner and family medical services to individuals in and around Saratoga, California. Beginning sometime in or about 2004, GANESH joined a pre-existing

SUPERSEDING INDICTMENT

1

1 | medical practice under the name Campbell Medical Group ("CMG"). GANESH was assigned and used the Taxpayer Identification Number ("TIN") xx47871 as a unique identifier required for her business billings.

2. Defendant GREGORY BELCHER ("BELCHER") was a physician licensed to practice in the State of California, providing orthopedic medical and surgical services to individuals in and around Saratoga, California. BELCHER maintained and used two TINs for his billings, xx09434 and xx16097.

3. Since approximately 2008, GANESH and BELCHER have shared clinical offices located at 18805 Cox Avenue, Suite 110, Saratoga, California 95070.

4. BELCHER also operated a physical therapy clinic located at 18805 Cox Avenue, Suite 160, Saratoga, California 95070.

5. E.D., whose identity is known to the Grand Jury, was a medical doctor licensed in California and the previous owner and operator of CMG from 1987 and 2005. In 2005, E.D. transferred ownership of CMG to GANESH. Prior to 1987, CMG had been a medical practice operated under the acronym "KRD" by E.D. and two other doctors. The TIN for the KRD practice when it was established in or about the late 1970s was xx43757. When KRD changed its name to CMG in or about 1987, E.D. and his partners continued to use the same xx43757 TIN (referred to herein as the "KRD TIN"). As of 2006, neither E.D. nor his original partners were involved in practicing medicine at CMG.

Health Care Benefit Programs

6. A "health care benefit program," as defined by 18 U.S.C. § 24(b), includes any public or private plan or contracts, affecting commerce "under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract."

7. Anthem Blue Cross ("Anthem Blue Cross") was the trade name of Blue Cross of California, operating throughout the State of California as an independent licensee of the Blue Cross Blue Shield Association, but owned by Anthem, Inc., a for-profit corporation. Anthem Blue Cross was a health insurance carrier that provided health insurance plans to groups of individuals through their employer-sponsored health insurance plans. Headquartered in Indianapolis, Indiana, Anthem is one of the nation's largest health care benefit programs, serving over 38 million members.

SUPERSEDING INDICTMENT

8. Blue Shield of California ("Blue Shield") was a not-for-profit health plan provider based in San Francisco, California, which serves over 4 million individual health plan members as an independent member of the Blue Cross Blue Shield Association.

9. Cigna Health & Life Insurance Company ("Cigna") was an American worldwide health services organization. Cigna's insurance subsidiaries are major providers of medical, dental, disability, life and accident insurance and related products and services, the majority of which are offered through employers and other groups. Cigna Global Health Benefits is a unit within Cigna and headquartered in Wilmington, Delaware.

10. UnitedHealthcare Services ("UnitedHealthcare") was an operating division of UnitedHealth Group, the largest single health carrier in the United States. UnitedHealth Group is an American diversified managed health care company based in Minnetonka, Minnesota, which offers a spectrum of products and services through two operating businesses, UnitedHealthcare and Optum.

11. Aetna Life Insurance Company ("Aetna"), headquartered in Hartford, Connecticut, was one of the nation's leading diversified healthcare companies, and a member of the "Fortune 100." Aetna offers a broad range of traditional and consumer-directed healthcare insurance products and related services. Aetna Life Insurance Company is a subsidiary of Aetna and underwrites some of its health plan policies.

12. Patients covered by the health care benefit program were called "beneficiaries." Physicians who saw and treated beneficiaries were called "providers."

Billing and Diagnostic Codes

13. Health care benefit programs, including Anthem Blue Cross, Blue Shield, Aetna, Cigna, and UnitedHealthcare (collectively, "HCBPs") helped to pay for certain medically necessary physician services, outpatient services, and other medical services, and also for medically necessary inpatient hospital care, including medically necessary testing.

14. HCBPs ordinarily authorized payment for physician and hospital services only if those services were actually provided and were "medically necessary," that is, the services were required because of disease, disability, infirmity, or impairment. HCBPs would not pay for services and treatment that were not actually provided or if the patient did not meet the criteria that indicated the patient needed

SUPERSEDING INDICTMENT

3

the relevant services and treatment.

15. At various times throughout the relevant period, Defendants GANESH and BELCHER were enrolled as providers of services to Anthem Blue Cross, Blue Shield, Aetna, Cigna, and UnitedHealthcare, and were eligible for reimbursement for covered services that were provided.

16. Medical services were billed to HCBPs by using numerical codes called Current Procedural Terminology codes ("CPT codes"). CPT codes provide a uniform language that accurately described medical, surgical, and diagnostic services billed to the private health insurance programs. The American Medical Association annually published and made available to all providers entitled to submit claims to HCBPs a CPT Manual, which set forth the criteria to be considered in selecting the proper codes to represent the services rendered.

17. Similarly, health care providers reported diagnoses using numerical codes called "ICD-9-CM" codes.

18. When submitting claims for reimbursement for services provided, medical providers were required to use correct CPT codes to identify each procedure and service. Health care benefit programs required providers to accurately list the CPT code that most completely identified the procedures or services performed.

19. Claims for reimbursement for medical services provided could be submitted to the HCBPs through the use of the health insurance claim form "CMS-1500" (formerly "HCFA-1500"). The CMS-1500 required submission of accurate information relating to the services provided, including: patient information; the type of service provided; a modifier to further describe such service (if applicable); the date such services were provided; the charge for such services; the diagnosis; and, the name and/or provider identification number of the performing physician.

20. The CMS-1500 form also provided several notices to the individual submitting the form as to the information being provided, including the following:

> NOTICE: Any person who knowingly files a statement of claim containing any misrepresentation or any false, incomplete or misleading information may be guilty of a criminal act punishable under law and may be subject to civil penalties.

21. In some instances, claims for reimbursement for medical services provided could be

SUPERSEDING INDICTMENT
4

submitted electronically to the private insurance companies. The electronic claim was electronically transmitted in data "packets" from the provider's computer using a broadband internet connection, and required the inclusion of certain information relating to the services provided, including: patient information; type of services (CPT code); a modifier to further describe such service (if applicable); date of such service; and, diagnosis.

## THE SCHEME AND ARTIFICE TO DEFRAUD

22. Beginning no later than on or about July 2009 and continuing through at least April 2015, defendants GANESH and BELCHER intended to devise and participated in a scheme to defraud health care benefit programs by means of materially false and fraudulent pretenses and representations in connection with the delivery or payment for health care benefits, items and services, which scheme is further described below.

23. It was a purpose of the scheme for GANESH and BELCHER to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to the HCBPs; (b) concealing the submission of false and fraudulent claims to the HCBPs; and (c) diverting proceeds of the fraud for their personal use.

24. It was part of the scheme that defendants GANESH and BELCHER submitted and caused to be submitted to HCBPs false claims for services that GANESH and BELCHER knew were not properly payable because (1) defendants GANESH and BELCHER included false and inaccurate CPT codes, which artificially inflated both the seriousness of the patient's condition as well as the time which the physician spent examining the patient; (2) defendants GANESH and BELCHER included false diagnoses in the claims which did not correspond with the true health and presentation of the patient beneficiaries; (3) defendants GANESH and BELCHER included claims for days when the patient beneficiaries had not been seen by the provider; (4) defendant GANESH represented that the patient beneficiaries were seen by another physician provider (not herself) no longer affiliated with defendant GANESH and her practice at CMG, and (5) defendant BELCHER represented that the patient beneficiaries received physical therapy from a physical therapist when in fact they received massages from massage therapists.

25. Defendants GANESH and BELCHER did not employ a designated "bookkeeper" or

SUPERSEDING INDICTMENT
5

1  maintain a billing department, staffed by anyone with specific training in medical billing.  Instead,
2  GANESH instructed office receptionists and medical assistants to enter and submit bills to the HCBPs
3  based on her written instructions. Defendant BELCHER occasionally instructed his office staff to assist
4  in this effort with regard to care Ganesh provided.  Regarding the patients who purportedly received
5  physical therapy, defendant BELCHER commonly directed his staff to record the details of the patient
6  visits in a manner that facilitated his submission of false claims, and he further commonly directed his
7  staff to allow him to finalize the claims submitted to HCBPs regarding physical therapy.

8      26.    It was further part of the scheme to defraud that in or about January 2010, defendant
9  GANESH began to use the TIN xx43757, which was previously assigned to and used by CMG/KRD,
10 and had not been used substantially since E.D. left the practice in 2006.  Between 2010 and 2014,
11 GANESH used the KRD TIN to submit claims in the name of E.D. and KRD as the service provider to
12 several HCBPs, including Anthem Blue Cross and Blue Shield, while also submitting claims to other
13 HCBPs simultaneously using her own TIN and listing herself as the provider.

14     27.    It was further part of the scheme to defraud that defendant GANESH submitted to the
15 HCBPs false requests for reimbursement using the CPT Codes 99245 or 99215, accounting for
16 approximately 85 percent of all the claims for reimbursement submitted by defendant GANESH
17 between 2007 and 2014.  Both of these CPT codes represent time-intensive office visits of at least 80
18 minutes for patients requiring the highest level of complex care and experiencing symptoms of
19 moderate-to-high severity.

20     28.    It was further part of the scheme to defraud that defendant BELCHER submitted to the
21 HCBPs false claims for reimbursement using the CPT codes associated with a physical therapy session
22 lasting approximately one hour to one hour and fifteen minutes, when in fact the patient beneficiary had
23 merely received a massage from a massage therapist or no care at all.

24     29.    It was a further part of the scheme to defraud that defendants GANESH and BELCHER,
25 when approached by representatives of the HCBPs or the patient beneficiaries themselves to provide
26 documentation or additional information to substantiate the claims that defendants GANESH and
27 BELCHER were submitting, or that they caused to be submitted, defendants GANESH and BELCHER
28 further misrepresented, concealed, and hid or directed their subordinates to misrepresent, conceal or

SUPERSEDING INDICTMENT

hide, acts done in furtherance of the scheme and the purposes of those acts.

30. In furtherance of the scheme, in or about 2011, defendants GANESH and BELCHER opened a bank account at Bank of America, ending in xx68753, in the name of "Dr. Ganesh MD, Inc., dba [KRD], Inc." Both GANESH and BELCHER had signature authority over the account. This account was used almost exclusively to deposit the reimbursement checks that defendants received from HCBPs, which were made payable to KRD and/or E.D.

31. Also in furtherance of the scheme, defendants GANESH and BELCHER caused to be submitted hundreds of claims for reimbursement from the HCBPs for days which (i) were weekends when the CMG and physical therapy office located in Saratoga were closed; (ii) the patient denied they were seen; (iii) used CPT codes under both GANESH's own TIN and the KRD TIN which accounted for more than 24 hours in a single day; (iv) were days when the patient beneficiary could not have been seen by GANESH, BELCHER, or their staff because either the patient or defendants GANESH and BELCHER were not physically present in California, and (v) the patient did not receive the care described in the false claim. In particular:

    a. Defendant GANESH submitted a total of 88 reimbursement requests to various HCBPs falsely claiming a total of 116 hours of patient care in a single day, June 28, 2012, including a request sent on June 13, 2013, to Anthem Blue Cross on a CMS-1500, falsely claiming that E.D. of KRD had provided services to patient beneficiary S.S. on June 28, 2012.

    b. On or about June 12, 2013, defendant GANESH submitted a request for reimbursement to Blue Shield through their electronic management system falsely claiming patient beneficiary M.K. had been seen by E.D. on March 5, 2012, using CPT Code 99245, indicating that an 80-minute visit with the highest level of complexity had occurred.

    c. Defendant GANESH submitted a total of 170 reimbursement requests to various HCBPs, using both the KRD TIN and her own TIN, falsely claiming a total of 114 hours of patient care in the CMG office on Saturday, December 29, 2012, including one claim submitted to Cigna on March 29, 2013, for care allegedly provided to

SUPERSEDING INDICTMENT

7

patient beneficiary M.H.

d. Defendant GANESH submitted a total of 164 reimbursement requests to various HCBPs, using both the KRD TIN and her own TIN, falsely claiming a total of 113 hours of patient care on Sunday, December 30, 2012, including one claim submitted to Cigna on March 29, 2013, for care allegedly provided to patient beneficiary M.H.

e. Defendant GANESH submitted a total of 124 reimbursement requests to various HCBPs, using both the KRD TIN and her own TIN, falsely claiming a total of 85 hours of patient care on Monday, December 31, 2012, including one claim submitted to Cigna on March 29, 2013, for care allegedly provided to patient beneficiary M.H.

f. From on or about May 7, 2014, to on or about May 20, 2014, defendant BELCHER submitted fifteen fraudulent reimbursement claims, for a total of $1,354, to Cigna for care allegedly provided to patient beneficiary M.H., when in truth and in fact, defendant BELCHER provided no care to the patient on the claimed dates.

g. From on or about May 7, 2014, to on or about May 20, 2014, defendant GANESH submitted four fraudulent reimbursement claims, for a total of $800, to Cigna for care allegedly provided to patient beneficiary M.H., when in truth and in fact, defendant GANESH provided no care to the patient on the claimed dates.

h. On or about May 12, 2014, Defendant GANESH submitted four fraudulent reimbursement claims, for a total of $800, to UnitedHealthcare for care allegedly provided to patient beneficiary A.D. under CPT Code 99215, on February 17, 19, 21, and 23, 2014, when in truth and fact, defendant GANESH provided no care to the patient on the claimed dates.

i. Between on or about July 20, 2012 and on or about December 1, 2012, defendant GANESH submitted to Aetna over 73 claims all purportedly for the care of a single patient beneficiary, S.K., almost all of which were billed at CPT Code 99245, indicating visits of approximately 80 minutes in length. In truth and fact S.K. reported that she or her family members were seen by GANESH no more than nine times total in the four month period, and never for more than 15 minutes at a time.

SUPERSEDING INDICTMENT

When S.K. contested the charges with Aetna in or about March 2013, Aetna sought additional documentation from GANESH and disallowed approximately $4000.00 of the billed charges. When Aetna failed to pay, defendant GANESH sent S.K. a bill in December 2014 purporting to claim that S.K. and family personally owed CMG $7,350.00 in unpaid and unreimbursed office visits.

j.  On or about May 27 and August 8, 2014, Defendant BELCHER caused to be submitted three fraudulent reimbursement claims, in the amounts of $131.68 and $133.67 (twice), to Blue Shield of California for physical therapy allegedly provided to patient beneficiary M.K., on May 19, May 22, and July 29 (respectively), when in truth and fact, the patient received either a massage or no care of any sort on the claimed dates.

k.  On or about June 30, 2014, Defendant BELCHER caused to be submitted a fraudulent reimbursement claim, in the amount of $131.68, to Blue Shield of California for physical therapy allegedly provided to patient beneficiary A.B., on June 22, 2014, when in truth and fact, the patient received either a massage or no care of any sort on the claimed date.

l.  On or about October 12, 2012, June 21, 2013, and November 26, 2013, Defendant BELCHER caused to be submitted three fraudulent reimbursement claims, in the amounts of $161.16 and $217.01 (twice) to Cigna for physical therapy allegedly provided to patient beneficiary M.H., on October 9, 2012, June 19, 2013, and November 23, 2013 (respectively), when in truth and fact, the patient received either a massage or no care of any sort on the claimed dates.

COUNT ONE: (18 U.S.C. § 1349 – Health Care Fraud Conspiracy)

32.  Paragraphs 1 through 31 are re-alleged and incorporated as if fully set forth here.

33.  From at least in or about January 2008 through in or about January 2015, in the Northern District of California and elsewhere, the defendants

VILASINI GANESH and
GREGORY BELCHER,

SUPERSEDING INDICTMENT
9

did knowingly and intentionally conspire and agree with one another to execute, and to attempt to execute, a material scheme and artifice (1) to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), namely Anthem Blue Cross, Blue Shield, Cigna, Aetna, and UnitedHealthcare, and (2) to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money owned by and under the custody and control of a health care benefit program, all in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH TEN: (18 U.S.C. §§ 1347 and 2 – Health Care Fraud)

34. Paragraphs 1 through 31 are re-alleged and incorporated as if fully set forth here and in each of Counts Two through Ten, below.

35. On or about the dates set forth below, in the Northern District of California, the defendants,

VILASINI GANESH and
GREGORY BELCHER,

knowingly and willfully executed and attempted to execute a described scheme and artifice (1) to defraud a health care benefit program as defined in Title 18, United States Code, Section 24(b), and (2) to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money owned by and under the custody and control of the health care benefit program, in connection with a delivery of and payment for health care benefits, items, and services:

| Count | Defendant | Date of Claimed Care | Beneficiary | HCBP | Date Paid | Amount Paid |
|---|---|---|---|---|---|---|
| 2 | GANESH | 06/28/2012 | S.S. | Anthem Blue Cross | 06/17/2013 | $1,454.14 |
| 3 | GANESH | 03/05/2012 | M.K. | Blue Shield | 04/19/2013 | $432.16 |
| 4 | GANESH | 12/30/2012 | M.H. | Cigna | 07/08/2013 | $1,000.00 |
| 5 | GANESH | 02/17/2014 | A.D. | UnitedHealthcare | 05/20/2014 | $4,744.15 |
| 6 | GANESH | 09/21/2012 | S.K. | Aetna | 01/02/2013 | $6,627.61 |

SUPERSEDING INDICTMENT

| 7 | BELCHER | 10/09/2012 | M.H. | Cigna | 10/18/2012 | $1,071.34 |
| 8 | BELCHER | 06/19/2013 | M.H. | Cigna | 06/27/2013 | $939.05 |
| 9 | BELCHER | 05/19/2014 | M.K. | Blue Shield | 05/30/2014 | $836.66 |
| 10 | BELCHER | 06/22/2014 | A.B. | Blue Shield | 07/01/14 | $238.79 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

<u>COUNTS ELEVEN THROUGH SEVENTEEN:</u> (18 U.S.C. § 1035 – False Statements Relating to Health Care Matters)

36. Paragraphs 1 through 35 are re-alleged and incorporated as if fully set forth here and in each of Counts Seven through Eleven, below.

37. On or about the dates set forth below, in the Northern District of California, the defendants

VILASINI GANESH and
GREGORY BELCHER,

knowingly and willfully made and used a materially false writing and document, namely a request for beneficiary payment, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with payment for health care benefits, items, and services in a matter involving a health care benefit program, as defined in 18 U.S.C. § 24(b):

| Count | Def. | Date Claim Sub'd | Bene'y | HCBP | CPT Code /TIN Billed | Nature of Proof of False Representation |
|---|---|---|---|---|---|---|
| 11 | GANESH | 12/23/2013 | S.S. | Anthem Blue Cross | 99215 / xx43757 | Impermissible usage of TIN associated with another provider; alleged service not performed on 12/31/2012 for duration claimed |
| 12 | GANESH | 08/10/2013 | M.K. | Blue Shield | 99245/ xx43757 | Impermissible usage of TIN associated with another provider; alleged service not performed on 06/02/2012 and for duration claimed. |

SUPERSEDING INDICTMENT

11

| | | | | | | |
|---|---|---|---|---|---|---|
| 13 | GANESH | 03/29/2013 | M.H. | Cigna | 99215/ xx47871 | Services not provided on three successive days (12/29/2012, 12/30/2012, and 12/31/2012) for the duration claimed |
| 14 | GANESH | 05/12/2014 | A.D. | United-Healthcare | 99215/ xx47871 | Service not rendered on date indicated for duration claimed |
| 15 | GANESH | 12/10/2012 | S.K. | Aetna | 99245/ xx47871 | Service not rendered on dates and for duration claimed |
| 16 | BELCHER | 11/26/2013 | M.H. | Cigna | 97001, 97032, 97110, 97112, and 97140 / xx16097 | Service not rendered on dates and for duration claimed |
| 17 | BELCHER | 08/08/2014 | M.K. | Blue Shield | 97001, 97110, 97112, 97140, and 97032 / xx16097 | Service not rendered on dates and for duration claimed |

All in violation of Title 18, United States Code, Section 1035.

<u>COUNT EIGHTEEN:</u> (18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering)

38.  Paragraphs 1 through 37, and the transactions alleged in each of Counts Nineteen through Twenty-four, are re-alleged and incorporated as if fully set forth here.

39.  From in or about May 2011, the exact date being unknown to the Grand Jury, and continuing until in or about January 2014, in the Northern District of California and elsewhere, the defendants,

VILASINI GANESH and<br>
GREGORY BELCHER,

did conspire with each other and with others known and unknown to the Grand Jury, to commit an offense against the United States, to wit: knowing that property involved in a financial transaction represented proceeds of some form of unlawful activity, and with property was in fact the proceeds of specified unlawful activity, namely health care fraud, defendants conducted financial transactions knowing that those transactions were designed in whole and in part to conceal and disguise the nature,

SUPERSEDING INDICTMENT

location, source, ownership, and control of the proceeds of that specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

COUNTS NINETEEN THROUGH TWENTY-FOUR: (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 – Money Laundering)

40. Paragraphs 1 through 39 are re-alleged and incorporated as if fully set forth here and in each of Counts Nineteen through Twenty-four, below.

41. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

VILASINI GANESH and
GREGORY BELCHER,

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is health care fraud, in violation of Title 18, United States Code Section 1347, and false statements in relation to health care matters, in violation of Title 18, United States Code Section 1035, and knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Amount | Monetary Transaction |
|---|---|---|---|
| NINETEEN | 08/08/2011 | $12,000.00 | Purchase of Cashier's Check No. 432311932 from Bank of America Account ending in xx8753 |
| TWENTY | 09/23/2011 | $15,000.00 | Purchase of Cashier's Check No. 422859367 from Bank of America Account ending in xx8753 |
| TWENTY-ONE | 10/19/2011 | $23,000.00 | Purchase of Cashier's Check No. 433613797 from Bank of America Account ending in xx8753 |
| TWENTY-TWO | 11/29/2011 | $7,000.00 | Purchase of Cashier's Check No. 422859603 from Bank of America Account ending in xx8753 |

SUPERSEDING INDICTMENT
13

| | | | |
|---|---|---|---|
| TWENTY-THREE | 12/16/2011 | $20,000.00 | Purchase of Cashier's Check No. 422859519 from Bank of America Account ending in xx8753 |
| TWENTY-FOUR | 11/19/2013 | $77,000.00 | Deposit of Cashier's Check Nos. 432311932, 422859367, 433613797, 422859603, 422859519 in Bank of the West Account ending in xx7654 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**FORFEITURE ALLEGATION:** (18 U.S.C. § 982(a)(7) - Health Care Fraud Forfeiture)

42. The factual allegations contained in Paragraphs 1 through 41 are re-alleged and incorporated as if fully set forth here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) and (a)(7).

43. Upon a conviction of any of the offenses alleged in Counts One through Ten of this Superseding Indictment, the defendants,

VILASINI GANESH and
GREGORY BELCHER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), all rights, title and interest in property, real and personal, that constitutes or is derived from, directly or indirectly, from gross proceeds traceable to the commission of the offense, including but not limited to a sum of money equal to the gross proceeds obtained as a result of the offense.

44. Upon a conviction for the offenses alleged in Counts Eighteen through Twenty-four of this Superseding Indictment, the defendants,

VILASINI GANESH and
GREGORY BELCHER

shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) any property, real and personal, involved in said violations, or any property traceable to such property, including but not limited to a sum of money equal to all property involved in the offense.

45. If any of the property, as a result of any act or omission of the defendants:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of the court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1). All in violation of Title 18, United States Code, Sections 982(a)(1), 982(a)(7), 1347, and 1349; and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: July 13, 2017

A TRUE BILL

_____
FOREPERSON

BRIAN J. STRETCH
United States Attorney

_____
JEFFREY NEDROW
San Jose Branch Chief

Approved as to form:

_____
PATRICK R. DELAHUNTY
Assistant United States Attorney

SUPERSEDING INDICTMENT
15

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT | |
|---|---|
| BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☒ SUPERSEDING | Name of District Court, and/or Judge/Magistrate Location<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN JOSE DIVISION |
| OFFENSE CHARGED<br>SEE ATTACHED<br>☐ Petty<br>☐ Minor<br>☐ Misdemeanor<br>☒ Felony<br>PENALTY: SEE ATTACHED | DEFENDANT - U.S<br>▶ VILASINI GANESH and GREGORY BELCHER<br><br>DISTRICT COURT NUMBER<br>CR-16-211-LHK  FILED<br>JUL 13 2017<br>SUSAN Y. SOONG<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN JOSE |
| PROCEEDING<br>Name of Complaintant Agency, or Person (& Title, if any)<br>FBI S/A Bryan Taylor & DeVonne Hinton<br><br>☐ person is awaiting trial in another Federal or State Court, give name of court<br><br>☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District<br><br>☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:<br>☐ U.S. ATTORNEY  ☐ DEFENSE<br>SHOW DOCKET NO.<br><br>☐ this prosecution relates to a pending case involving this same defendant<br>MAGISTRATE CASE NO.<br><br>☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under | DEFENDANT<br>IS NOT IN CUSTODY<br>1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶<br>2) ☐ Is a Fugitive<br>3) ☒ Is on Bail or Release from (show District)<br>NDCA<br><br>IS IN CUSTODY<br>4) ☐ On this charge<br>5) ☐ On another conviction  ☐ Federal  ☐ State<br>6) ☐ Awaiting trial on other charges<br>If answer to (6) is "Yes", show name of institution<br><br>Has detainer been filed?  ☐ Yes  ☐ No  If "Yes" give date filed<br>DATE OF ARREST ▶ Month/Day/Year<br>Or... if Arresting Agency & Warrant were not<br>DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year |
| Name and Office of Person Furnishing Information on this form  BRIAN STRETCH<br>☒ U.S. Attorney  ☐ Other U.S. Agency<br>Name of Assistant U.S. Attorney (if assigned)  AUSA PATRICK DELAHUNTY | ☐ This report amends AO 257 previously submitted |
| ADDITIONAL INFORMATION OR COMMENTS | |
| PROCESS:<br>☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT<br>If Summons, complete following:<br>☐ Arraignment  ☐ Initial Appearance<br>Defendant Address:<br><br>Comments: | Bail Amount:<br><br>* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment<br><br>Date/Time:  Before Judge: |

# PENALTY SHEET ATTACHMENT

**COUNT 1 – Conspiracy to Commit Health Care Fraud – 18 U.S.C. § 1349**

Defendants: Ganesh and Belcher

Imprisonment: 10 years
Fine: $250,000
Supervised Release: 3 years
Special Assessment: $100

**COUNTS 2-10 - Health Care Fraud – 18 U.S.C. § 1347**

Defendants: Ganesh (Ct. Nos. 2-6) and Belcher (Ct. Nos. 7-10)

Imprisonment: 10 years
Fine: $250,000
Supervised Release: 3 years
Special Assessment: $100

**COUNTS 11-17 – False Statements relating to Health Care Matters – 18 U.S.C. § 1035**

Defendants: Ganesh (Ct. Nos. 11-15) and Belcher (Ct. Nos. 16-17)

Imprisonment: 5 years
Fine: $250,000
Supervised Release: 3 years
Special Assessment: $100

**COUNT 18 – Conspiracy to Commit Money Laundering – 18 U.S.C. § 1956(h)**

Defendants: Ganesh and Belcher

Imprisonment: 20 years
Fine: $500,000 (or twice the value of the property involved in the transaction, whichever is greater)

**COUNTS 19-24 – Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i) and 2**

Defendants: Ganesh and Belcher

Imprisonment: 20 years
Fine: $500,000 (or twice the value of the property involved in the transaction, whichever is greater)