1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  JEFFREY D. NEDROW (CABN 161299)
   PATRICK R. DELAHUNTY (CABN 257439)
5  Assistant United States Attorneys

6        150 Almaden Boulevard, Suite 900
         San Jose, California 95113
7        Telephone: (408) 535-5045
         FAX: (408) 535-5066
8        Email: Jeff.nedrow@usdoj.gov
         Email: Patrick.delahunty@usdoj.gov
9
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 16-CR-00211 LHK |
| Plaintiff, | UNITED STATES' EXPERT DISCLOSURES |
| v. | Pretrial Conference: October 23, 2017 |
| VILASINI GANESH, | Time: 10 a.m. |
| | Court: Hon. Lucy H. Koh |
| Defendant. | |

The United States, through its undersigned counsel, discloses pursuant to Fed. R. Crim. P. 16(a)(1)(G) that two witnesses, FBI Financial Analyst Carlene Kikugawa and Dr. Anna Glezer, may be proffered by the government as expert witnesses at trial. This disclosure includes both witnesses *curricula vitae* (C.V.), a rate-sheet (or description of compensation received), and the anticipated scope of their testimony that may be admitted pursuant to Fed. R. Evid. 702, 703, or 705. As further detailed below, Ms. Kikugawa may testify regarding the flow of money from victims of the defendants' scheme to defraud to the defendants, including attempts to launder the proceeds of the defendants' fraudulent scheme. Dr. Glezer may offer testimony regarding Dr. Ganesh's alleged legal insanity and rebut any

UNITED STATES' EXPERT DISCLOSURES
CR-16-00211 LHK

1

testimony regarding the same (including the alleged diminished capacity defense, if such testimony or evidence is admitted). The United States reserves the right to supplement this disclosure or disclose additional expert witnesses.

**I.     Carlene Kikugawa**

   **A.     Qualifications**

Ms. Kikugawa's qualifications are summarized fully in her C.V., which is attached. *See* Att. 1. In sum, she is a Certified Public Accountant, Certified Fraud Examiner, and Certified in Financial Forensics. She is currently employed as a Forensic Accountant by the FBI.

   **B.     Anticipated Testimony**

Generally, Ms. Kikugawa will testify about the flow of money between financial accounts held and controlled by the defendants. Much of her anticipated testimony on this topic is reflected in Ms. Kikugawa's Final Investigative Report, which is attached. *See* Att. 2. Ms. Kikugawa's report explains her analysis of a number of financial accounts associated with or controlled by the defendants. Her report also includes 10 attachments, each of which is included in the version of the report that is attached hereto. The scope of Ms. Kikugawa's testimony is also reflected in her prior testimony to the grand jury, which has been produced to the defendants and a copy of which will be lodged with the court (but not filed).

Ms. Kikugawa may also testify about how money in financial accounts controlled by or associated with the defendants was used, spent, or transferred. For example, this this may include identification of expenditures of the funds in accounts controlled by or associated with the defendants, such as summarizing the amount of purchases at retail establishments and other non-business related expenditures.

Ms. Kikugawa may testify about her efforts to trace the flow of money between these accounts. For example, she may identify a series of transfers between accounts identified above and explain the totals of such transfers. She may also offer testimony that groups such totals, for example, the total amount of money obtained from insurers or the total amount that went into one account. This testimony may be admitted without being proffered as opinion testimony. *E.g., United States v. Aubrey,* 800 F.3d
UNITED STATES' EXPERT DISCLOSURES
CR-16-00211 LHK

2

1115, 1129 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1477, 194 L. Ed. 2d 571 (2016). Nevertheless, in an abundance of caution, the United States identifies it herein as testimony that may be proffered and admitted as expert testimony. *E.g., United States v. Soulard*, 730 F.2d 1292, 1299 (9th Cir. 1984) (court properly admitted testimony of an IRS agent who summarized the government's bank-deposits analysis in prosecution for false tax returns, even though agent was not involved in the investigation).

### C. Summary Exhibits And Testimony

The United States anticipates that Ms. Kikugawa will summarize voluminous financial records and business records already admitted into evidence through other witnesses. The primary example is bank records, but she may also summarize other financial documents, such as real estate loan files. She may also use summaries and summary charts to organize and explain the evidence. In some instances, the summaries and charts will be used as testimonial aids. In other instances, the United States will seek to introduce the summaries of voluminous records into evidence. The United States will provide all such summaries to the defense in advance of the witness's testimony.

The Ninth Circuit has approved the use of summary witnesses under these circumstances. *See United States v. Shirley*, 884 F.2d 1130, 1133 (9th Cir. 1989) (summary evidence "can help the jury organize and evaluate evidence which is factually complex and fragmentally revealed in the testimony of the multitude of witnesses"); *United States v. Poschwatta*, 829 F.2d 1477, 1481 (9th Cir. 1987) (charts summarizing figures already in evidence admissible because "arguably the contributed to the clarity of the presentation to the jury and were a reasonable method of presenting evidence"), *overruled on other grounds, Cheek v. United States*, 498 U.S. 192, 198 (1991). The charts and summaries of evidence already admitted into evidence are pedagogical devices and may be used as testimonial aids. *United States v. Wood*, 943 F.2d 1048 (9th Cir. 1991). The summary witness may be a qualified expert if the nature of the analysis requires it (*see United States v. Soulard*, 730 F.2d 1292, 1299 (9th Cir. 1984)), or can be a case agent or other witness who is not an expert. *See United States v. Olano*, 62 F.3d 1180, 1203-1204 (9th Cir. 1995) (approving testimony of case agent who was also a certified public accountant, but not qualified as an expert, to summarize evidence presented by the United States' preceding witnesses).

Such charts may be admitted pursuant to either Rule 1006 or 611. Under Rule 1006 of the Federal Rules of Evidence, the "contents of voluminous writings which cannot be conveniently examined in court may be presented in the form of a chart, summary, or calculation." The summaries themselves are admissible. The documents that are summarized need not be admitted (although the government does intend on admitting them here). *See United States v. Meyers*, 847 F.2d 1408, 1411-1412 (9th Cir. 1988) (underlying documents are to be "admissible," but need not be "admitted"). In addition, a chart used as a testimonial aid may also be admissible, as long as the trial court provides a limiting instruction. *United States v. Meyers*, 847 F.2d 1408, 1411-1412 (9th Cir. 1988) (chart of voluminous writing admissible when underlying documents admitted and the chart arguably contributed to the clarity of the presentation); *United States v. Marchini*, 797 F.2d 759, 765-766 (9th Cir. 1986) (no error in admission of summary exhibit prepared by agent who listened to testimony of previous witnesses and reviewed exhibits and then used summary exhibit during his testimony), *United States v. Lemire*, 720 F.2d 1327, 1347-1348 (D.C. Cir. 1983)(summary testimony admissible under Rule 1006 as an exception to the best evidence rule and the summary witness assisted the jury in organizing and evaluating evidence which was factually complex and presented in fragments through multiple witnesses at trial). Additionally, summary charts that are not offered as evidence under Rule 1006 may still be presented to the jury during trial pursuant to Fed. R. Evid. 611(a), which permits a court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence." *United States v. Poschwatta*, 829 F.2d 1477, 1481 (9th Cir. 1987).

**II.    Dr. Anna Glezer**

**A.    Qualifications**

Dr. Glezer's qualifications are summarized fully in her C.V., which is attached. *See* Att. 3. Additionally, Dr. Glezer has testified in numerous court proceedings, including trial, which is more fully described in Attachment 4.

**B.    Anticipated Testimony**

The scope of Dr. Glezer's testimony is summarized in the three reports she authored as well as a report that details an interview of her. All are attached here. *See* Atts. 5-8.

**C. Compensation**

Dr. Glezer's most recent summary of billed time is attached. *See* Att. 9.

DATED: September 11, 2017

Respectfully submitted,

BRIAN STRETCH
United States Attorney

/s/
JEFFREY NEDROW
PATRICK DELAHUNTY
Assistant United States Attorneys

UNITED STATES' EXPERT DISCLOSURES
CR-16-00211 LHK

5