1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  JEFFREY D. NEDROW (CABN 161299)
   PATRICK DELAHUNTY (CABN 257439)
5  Assistant United States Attorneys

6        150 Almaden Boulevard, Suite 900
         San Jose, California 95113
7        Telephone: (408) 535-5045
         FAX: (408) 4535-5066
8        Email: jeff.nedrow@usdoj.gov

9  Attorneys for United States of America

10

11                    UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

15  UNITED STATES OF AMERICA,          )  CASE NO. CR-16-00211 LHK
                                       )
16          Plaintiff,                 )  **UNITED STATES' PROPOSED JURY**
                                       )  **INSTRUCTIONS**
17       v.                            )
                                       )
18  VILASINI GANESH and                )
    GREGORY BELCHER,                   )
19                                     )
            Defendants.                )
20  _____)

21         The United States submits the following proposed Jury Instructions for the trial in the above-

22  captioned matter.

23  DATED:   September 11, 2017

24                                     Respectfully submitted,

25                                     BRIAN J. STRETCH
                                       United States Attorney
26                                     _____/s/_____

27                                     JEFFREY D. NEDROW
                                       PATRICK DELAHUNTY
28                                     Assistant United States Attorneys

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

TABLE OF CONTENTS

| Proposed Instruction No. | Model Instruction No. | |
|---|---|---|
| 1 | 1.1 | DUTY OF JURY |
| 2 | 1.2 | THE CHARGES – PRESUMPTION OF INNOCENCE |
| 3 | 1.3 | WHAT IS EVIDENCE |
| 4 | 1.4 | WHAT IS NOT EVIDENCE |
| 5 | 1.5 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 6 | 1.6 | RULING ON OBJECTIONS |
| 7 | 1.7 | CREDIBILITY OF WITNESSES |
| 8 | 1.8 | CONDUCT OF THE JURY |
| 9 | 1.9 | NO TRANSCRIPT AVAILABLE TO JURY |
| 10 | 1.10 | TAKING NOTES |
| 11 | 1.11 | OUTLINE OF TRIAL |
| 12 | 1.13 | SEPARATE CONSIDERATION FOR EACH DEFENDANT |
| 13 | 2.1 | CAUTIONARY INSTRUCTION – FIRST RECESS |
| 14 | 2.2 | BENCH CONFERENCES AND RECESSES |
| 15 | 2.3 | STIPULATED TESTIMONY |
| 16 | 2.4 | STIPULATIONS OF FACT |
| 17 | 2.10 | OTHER CRIMES, ACTS, OR WRONGS OF DEFENDANT |
| 18 | 2.11 | EVIDENCE FOR LIMITED PURPOSE |
| 19 | 3.1 | DUTY OF JURY TO FIND FACTS AND FOLLOW LAW |
| 20 | 3.2 | CHARGE AGAINST DEFENDANT NOT EVIDENCE PRESUMPTION OF INNOCENCE – BURDEN OF PROOF |
| 21 | 3.3 | DEFENDANT'S DECISION NOT TO TESTIFY |
| | | or |
| 21 | 3.4 | DEFENDANT'S DECISION TO TESTIFY |
| 22 | 3.5 | REASONABLE DOUBT – DEFINED |

| 23 | 3.6 | WHAT IS EVIDENCE |
|----|-----|-----------------|
| 24 | 3.7 | WHAT IS NOT EVIDENCE |
| 25 | 3.8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 26 | 3.9 | CREDIBILITY OF WITNESSES |
| 27 | 3.10 | ACTIVITIES NOT CHARGED |
| 28 | 3.13 | SEPARATE CONSIDERATION OF MULTIPLE COUNTS – MULTIPLE DEFENDANTS |
| 29 | 4.1 | STATEMENTS BY DEFENDANT |
| 30 | 4.14 | OPINION EVIDENCE, EXPERT WITNESS |
| 31 | 4.15 | SUMMARIES NOT RECEIVED IN EVIDENCE |
| 32 | 4.16 | CHARTS AND SUMMARIES IN EVIDENCE |
| 33 | 5.6 | KNOWINGLY |
| 34 | 8.20 | ELEMENTS OF CONSPIRACY (CONSPIRACY TO COMMIT HEALTH CARE FRAUD) |
| 35 | -- | ELEMENTS OF HEALTH CARE FRAUD |
| 36 | -- | ELEMENTS OF FALSE STATEMENTS IN HEALTH CARE RELATED TO HEALTH CARE MATTERS |
| 37 | -- | WILLFULLY |
| 38 | 8.20 | ELEMENTS OF CONSPIRACY (CONSPIRACY TO COMMIT MONEY LAUNDERING) |
| 39 | 8.147 | MONEY LAUNDERING |
| 40 | 5.1 | AIDING AND ABETTING |
| 41 | 8.23 | CONSPIRACY—KNOWLEDGE AND ASSOCIATINO WITH OTHER CONSPIRATORS |
| 42 | 7.1 | DUTY TO DELIBERATE |
| 43 | 7.2 | CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY |
| 44 | 7.3 | USE OF NOTES |
| 45 | 7.4 | JURY CONSIDERATION OF PUNISHMENT |

46          7.5          VERDICT FORM

47          7.6          COMMUNICATION WITH COURT

1

2

INSTRUCTION No. 1

DUTY OF JURY

3  Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something

4  about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will

5  give you more detailed written instructions that will control your deliberations.  When you deliberate, it

6  will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to

7  decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you

8  agree with the law or not.  You must decide the case solely on the evidence and the law before you and

9  must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do

10 not take anything I may say or do during the trial as indicating what I think of the evidence or what your

11 verdict should be—that is entirely up to you.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,
§  1.1 (2010 ed.).

28

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

INSTRUCTION No. 2

2

THE CHARGES—PRESUMPTION OF INNOCENCE

3       This is a criminal case brought by the United States government.  The government charges the

4   defendant as follows:

5       •       In <u>Count One</u>, Defendants Vilasini Ganesh and Gregory Belcher are charged with

6               conspiracy to commit health care fraud.

7       •       In <u>Counts Two through Six</u>, Defendant Vilasini Ganesh is charged with health care

8               fraud.

9       •       In <u>Count Seven through Ten</u>, Defendant Gregory Belcher is charged with health care

10              fraud.

11      •       In <u>Counts Eleven through Fifteen</u>, Defendant Vilasini Ganesh is charged with making

12              false statements related to health care matters.

13      •       In <u>Counts Sixteen and Seventeen</u>, Defendant Gregory Belcher is charged with making

14              false statements related to health care matters.

15      •       In <u>Count Eighteen</u>, Defendants Vilasini Ganesh and Gregory Belcher are charged with

16              conspiracy to commit money laundering.

17      •       In <u>Counts Nineteen through Twenty-Four</u>, Defendants Vilasini Ganesh and Gregory

18              Belcher are charged with money laundering.

19      The charges against the defendants are contained in the indictment.  The indictment simply

20  describes the charges the government brings against the defendants.  The indictment is not evidence and

21  does not prove anything.

22      The defendants have pleaded not guilty to the charges and are presumed innocent unless and

23  until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the

24  defendants have the right to remain silent and never have to prove innocence or to present any evidence.

25

26

27

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,

28  § 1.2 (2010 ed.)(modified).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

<u>INSTRUCTION No. 3</u>

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 1.3 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

## INSTRUCTION No. 4

2

### WHAT IS NOT EVIDENCE

3        The following things are not evidence, and you must not consider them as evidence in deciding

4   the facts of this case:

5        (1)     statements and arguments of the attorneys;

6        (2)     questions and objections of the attorneys;

7        (3)     testimony that I instruct you to disregard; and

8        (4)     anything you may see or hear when the court is not in session even if what you see or

9   hear is done or said by one of the parties or by one of the witnesses.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
     § 1.4 (2010 ed.).

28

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

INSTRUCTION No. 5

2

DIRECT AND CIRCUMSTANTIAL EVIDENCE

3      Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4  testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence

5  is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

6      You are to consider both direct and circumstantial evidence.  Either can be used to prove any

7  fact.  The law makes no distinction between the weight to be given to either direct or circumstantial

8  evidence.  It is for you to decide how much weight to give to any evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*

28  § 1.5 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

INSTRUCTION No. 6

2

RULING ON OBJECTIONS

3   There are rules of evidence that control what can be received in evidence.  When a lawyer asks a

4   question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by

5   the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered

6   or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot

7   be received.  Whenever I sustain an objection to a question, you must ignore the question and must not

8   guess what the answer would have been.

9   Sometimes I may order that evidence be stricken from the record and that you disregard or

10   ignore the evidence.  That means that when you are deciding the case, you must not consider the

11   evidence that I told you to disregard.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,
§ 1.6 (2010 ed.).

28

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 7

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 1.7 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>INSTRUCTION No. 8</u>

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 1.8 (2010 ed.).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>INSTRUCTION No. 9</u>

NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 1.9 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 10

TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 1.10 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 11

OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendants may cross-examine. Then, if the defendants choose to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*Authority: Manual of Model Criminal Jury Instructions for the District Corts of the Ninth Circuit,* § 1.11 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 12

SEPARATE CONSIDERATION FOR EACH DEFENDANT

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against other defendants.  The fact that you may find one of the defendants guilty or not guilty shall not control your verdict as to any other defendants.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 1.13 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

<u>INSTRUCTION NO. 13</u>

CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 2.1 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

<u>INSTRUCTION No. 14</u>

2

BENCH CONFERENCES AND RECESSES

3

From time to time during the trial, it may become necessary for me to take up legal matters with

4

the attorneys privately, either by having a conference at the bench or, when necessary, by calling a

5

recess.

6

7

We will do what we can to keep the number and length of these conferences to a minimum.  I

8

may not always grant an attorney's request for a conference.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
§  2.2 (2010 ed.).

28

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION No. 15

STIPULATED TESTIMONY

The parties have agreed what [name of witness]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 2.3 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>INSTRUCTION No. 16</u>

STIPULATIONS OF FACT

      The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 2.4 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 17

OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT

You are about to hear evidence that the defendant committed other [crimes][wrongs][acts] not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.  [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial].

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 2.10 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 18

EVIDENCE FOR LIMITED PURPOSE

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 2.11 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 19

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.1 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

<u>INSTRUCTION No. 20</u>

2

CHARGE AGAINST DEFENDANT NOT EVIDENCE—
PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

3

4

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The

5

defendant is presumed to be innocent unless and until the government proves the defendant guilty

6

beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to

7

prove innocence.  The government has the burden of proving every element of the charges beyond a

8

reasonable doubt.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,
§ 3.2 (2010 ed.).

28

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

INSTRUCTION No. 21

2

DEFENDANT'S DECISION NOT TO TESTIFY

3

A defendant in a criminal case has a constitutional right not to testify. You may not draw any

4

inference of any kind from the fact that the defendant did not testify.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*

27

§ 3.3 (2010 ed.).

28

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>INSTRUCTION No. 21</u>

DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.4 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>INSTRUCTION No. 22</u>

REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.5 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 23

WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which the parties have agreed.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.6 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 24

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

(1)     Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

(3)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.7 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

INSTRUCTION No. 25

2

DIRECT AND CIRCUMSTANTIAL EVIDENCE

3        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4  testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence

5  is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

6

7        You are to consider both direct and circumstantial evidence.  Either can be used to prove any

8  fact.  The law makes no distinction between the weight to be given to either direct or circumstantial

9  evidence.  It is for you to decide how much weight to give to any evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,

28  § 3.8 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 26

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.9 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

INSTRUCTION No. 27

2

ACTIVITIES NOT CHARGED

3

You are here only to determine whether the defendant is guilty of the charges in the indictment.

4

5

The defendant is not on trial for any conduct or offense not charged in the indictment.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.10 (2010 ed.).

28

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

2

3

<u>INSTRUCTION No. 28</u>

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
MULTIPLE DEFENDANTS

4       A separate crime is charged against one or more of the defendants in each count.  The charges

5   have been joined for trial.  You must decide the case of each defendant on each crime charged against

6   that defendant separately.  Your verdict on any count as to any defendant should not control your verdict

7   on any other count or as to any other defendant.

8       All of the instructions apply to each defendant and to each count [unless a specific instruction

9   states that it applies only to a specific [defendant][count].

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
     § 3.13 (2010 ed.).

28

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 29

STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendants may have made it.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 4.1 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 30

OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from [name] who testified to opinions and the reasons for [his/her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 4.14 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>INSTRUCTION No. 31</u>

SUMMARIES NOT RECEIVED IN EVIDENCE

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 4.15 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 32

CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 4.16 (2010 ed.).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

INSTRUCTION No. 33

2

DEFINITION--KNOWINGLY

3      An act is done knowingly if the defendant is aware of the act and does not act through ignorance,

4  mistake, or accident.  The government is not required to prove that the defendant knew that her acts or

5  omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions,

6  along with all the other evidence, in deciding whether the defendant acted knowingly.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
§ 5.6 (2010 ed.).

28

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 34

ELEMENTS OF CONSPIRACY (CONSPIRACY TO COMMIT HEALTH CARE FRAUD)

Each Defendant is charged in Count One of the Indictment with Conspiring to Commit Health Care Fraud, in violation of Title 18, United States Code, Section 1349.  In order for the Defendant to be found guilty of Count One, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in at least January 2008 and continuing to approximately January 2015, there was an agreement between two or more persons to commit the crime of health care fraud.  I will instruct you regarding the elements of health care fraud in a subsequent instruction.

Second, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership--an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a

conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does

not thereby become a conspirator. Similarly, a person does not become a conspirator merely by

associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy

exists.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,
§ 8.20 (2010 ed.)(as modified).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 35

ELEMENTS OF HEALTH CARE FRAUD
(COUNTS TWO THROUGH TEN)

I will now instruct you on the elements of health care fraud, in violation of Title 18, United States Code, Section 1347, which is the object of the conspiracy alleged in Count One, and also the crime charged against Defendant Vilasini Ganesh in Counts Two through Six of the Indictment, and Defendant Gregory Belcher in Counts Seven through Ten of the Indictment. In order for the Defendant to be found guilty of health care fraud, the government must prove each of the following elements beyond a reasonable doubt:

1.  The Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program, or to obtain money or property owned by, or under the custody or control of, a health-care benefit program, by means of false or fraudulent pretenses, representations, or promises.

2.  The false or fraudulent pretenses, representations, or promises related to a material fact.

3.  The Defendant acted willfully and intended to defraud.

4.  The Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

"Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1     *Authority: Pattern Crim. Jury Instr. 11th Cir. C.1.53 (2010ed.)(as modified).*

INSTRUCTION No. 36

ELEMENTS OF MAKING FALSE STATEMENTS RELATING TO HEALTH CARE MATTERS
(COUNTS ELEVEN THROUGH SEVENTEEN)

Defendant Vilasini Ganesh is charged in Counts Eleven through Fifteen of the indictment, and Defendant Gregory Belcher is charged Counts Seventeen and Eighteen of the indictment, with making false statements relating to health care matters in violation of Section 1035 of Title 18 of the United States Code.  In order for either defendant to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt:

1.  The defendant made or used a materially false writing or document

2.  The defendant knew that the materially false writing or document contained a materially false, fictitious, or fraudulent statement or entry

3.  In connection with the delivery of or payment for health care benefits, items, or services involving a health care benefit program

4.  The defendant did so knowingly and willfully.

*Authority: Pattern Jury Instructions for Federal Criminal Cases District of South Carolina 18 U.S.C. § 1035*

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

INSTRUCTION No. 37

2

DEFINITION--WILLFULLY

3

        The government must prove that the Defendant acted willfully in committing health care fraud

4

and making false statements related to health care matters.  An act is done willfully if the Defendant

5

acted with knowledge that the conduct was unlawful.  The government need not prove that the

6

7

Defendant was aware of the specific provision of the law that the defendant is charged with violating or

8

any other specific provision.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Authority: 18 U.S.C. § 1347(b) (modified to specify defendant charged with health care fraud); Ninth*

27

*Circuit Model Criminal Jury Instruction No. 5.5 [Willfully] (see comment) (2010 ed.); Bryan v. United*
*States, 524 U.S. 184, 189-91, 193-96, 198-99 (1998); United States v. Awad, 551 F.3d 930, 937-41 (9th*

28

*Cir. 2009) (discussing willfulness in context of 18 U.S.C. § 1347).*

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>INSTRUCTION No. 38</u>

ELEMENTS OF CONSPIRACY—CONSPIRACY TO COMMIT MONEY LAUNDERING

Each Defendant is charged in Count Eighteen of the Indictment with Conspiring to Commit Money Laundering, in violation of Title 18, United States Code, Section 1349.  In order for the Defendant to be found guilty of Count One, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in at least May 2011 and continuing to approximately January 2014, there was an agreement between two or more persons to commit the crime of money laundering.  I will instruct you regarding the elements of health care fraud in a subsequent instruction.

Second, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership--an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1    exists.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,
§ 8.20 (2010 ed.)(as modified).

28

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION No. 39

MONEY LAUNDERING
(COUNTS NINETEEN THROUGH TWENTY-FOUR)

Defendants Vilasini Ganesh and Defendant Gregory Belcher are charged Counts Nineteen

through Twenty-Four of the indictment with money laundering, in violation of Title 18, United States

Code, Section 1956(a)(1)(B)(i).  In order for either defendant to be found guilty of those charges, the

government must prove each of the following elements beyond a reasonable doubt:

1.  The defendant conducted a financial transaction involving property that represented the proceeds of

    unlawful activity;

2.  The defendant knew the proceeds represented the proceeds of unlawful activity; and

3.  The defendant intended to conceal or disguise the nature, location, source, ownership, or control of

    the proceeds of a specified unlawful activity.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,
§ 8.20 (2010 ed.)(as modified).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 40

AIDING AND ABETTING

A defendant may be found guilty of a crime even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of a substantive crime by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

> First, the substantive crime was committed by someone;
>
> Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the substantive crime;
>
> Third, the defendant acted with the intent to facilitate the substantive crime; and
>
> Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the substantive crime.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime [and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime].

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 5.1 (2010 ed.)(as modified).

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 41

CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with [the other defendant] [or] [other conspirators] in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 8.23 (2010 ed.)

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 42

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 7.1 (2010 ed.)

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 43

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 7.2 (2010 ed.)

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 44

USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 7.3 (2010 ed.)

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

1

INSTRUCTION No. 45

2

JURY CONSIDERATION OF PUNISHMENT

3    The punishment provided by law for this crime is for the court to decide.  You may not consider

4    punishment in deciding whether the government has proved its case against the defendant beyond a

5    reasonable doubt.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
§  7.4 (2010 ed.)

28

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 46

VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 7.5 (2010 ed.)

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK

INSTRUCTION No. 47

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 7.6 (2010 ed.)

PROPOSED JURY INSTRUCTIONS
CR 16-00211 LHK