UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 16-CR-00211-LHK |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO QUASH OR EXCLUDE** |
| v. | Re: Dkt. No. 223 |
| VILASINI GANESH and GREGORY BELCHER, | |
| Defendants. | |

On November 27, 2017, the government filed a motion to quash or exclude the testimony of FBI Special Agents Erin Bachman ("SA Bachman") and DeVonne Hinton ("SA Hinton"). ECF No. 223. On November 28, 2017, Defendant Gregory Belcher ("Defendant") filed his opposition (hereafter, "Opposition"). ECF No. 227. On November 29, 2017, the government filed its reply. ECF No. 229. For the following reasons, the Court DENIES the government's motion.

There is no categorical bar on evidence concerning the government's investigation. As the Ninth Circuit points out, "[t]o tell the jury that it may assess the product of an investigation, but that it may not analyze the quality of the investigation that produced the product, illogically removes from the jury potentially relevant information." *United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000); *United States v. Yagman*, 345 F. App'x 312, 314 (9th Cir. 2009) ("A

defendant is, however, entitled to present evidence relating to the overall quality of the government's investigation."); *see Kyles v. Whitley*, 514 U.S. 419, 446 n.15 (1995) ("When, for example, the probative force of evidence depends on the circumstances in which it was obtained and those circumstances raise a possibility of fraud, indications of conscientious police work will enhance probative force and slovenly work will diminish it."). The corollary, however, is that the Court may properly decide that evidence about the investigation "is to be limited for some independent evidentiary reason, such as that the evidence would be cumulative." *Sager*, 227 F.3d at 1146. In other words, evidence about the government's investigation is subject to the normal rules of evidence. *United States v. Patrick*, 248 F.3d 11, 22–23 (1st Cir. 2001) (affirming district court's exclusion of evidence concerning investigation under Rule 403); *see United States v. Waters*, 627 F.3d 345, 353 (9th Cir. 2010) (same); *United States v. Leung*, 2012 WL 6082469, at *2 (N.D. Cal. Dec. 6, 2012) (excluding evidence concerning investigation on relevance grounds).

The Court therefore finds that Defendant may call SA Bachman and SA Hinton to testify about the investigation because evidence about the investigation may be probative of the Defendant's guilt or innocence. However, the Court reiterates that the agents' testimony is, like all evidence, subject to the Federal Rules of Evidence. *See United States v. Gilbert*, 57 F.3d 709, 711 (9th Cir. 1995) ("Impeachment is improper when employed as a guise to present substantive evidence to the jury that is otherwise inadmissible."). The government agrees, as its reply states "the government is prepared for both agents to testify" but that "[Defendant's] investigation should be in accord with Rules 403, 607–613, and the rules governing the admission of hearsay." ECF No. 229 at 5.

The Court finds that the following topics for which Defendant Belcher seeks testimony from SA Bachman and SA Hinton are improper and are hereby precluded pursuant to the Federal Rules of Evidence. Moreover, for each topic below, the Court has conducted the balancing analysis required under Federal Rule of Evidence 403.

Page 5 of the Opposition states that SA Bachmann "conducted interviews of some 82 different witnesses, and will testify that not a single witness complained about the quality of care

2

Case No. 16-CR-00211-LHK
ORDER DENYING MOTION TO QUASH OR EXCLUDE

offered by Dr. Belcher, not a single witness complained about billing by Dr. Belcher, and no witnesses indicated that they received EOB's relating to services that were not actually rendered." This topic seeks to elicit hearsay and thus is precluded. Moreover, eight of Defendant Belcher's patients have already testified in the trial, so such testimony is cumulative and would waste time.

Page 4 of the Opposition states that "Dr. Belcher also seeks to question Agent Johnson regarding her extensive communication with the 'big five' insurance companies involved in this case (Anthem, Blue Shield of California, Cigna, United Health Group/Optum, and Aetna)." To the extent this topic seeks to elicit hearsay, this topic is improper and thus is precluded. Moreover, witnesses for each of these insurance companies have already testified in this case. Therefore, to the extent this testimony is cumulative, it is precluded.

Page 4 of the Opposition states that "Anthem failed to turn over reports in its possession that exonerated Dr. Belcher as to the specific codes about which the FBI was asking Anthem – amounting to a deliberate effort to mislead federal investigators." It is unclear why either agent would know what information has been withheld from them by Anthem. This topic is completely speculative and thus is improper. Before defense counsel asks any question related to this topic, defense counsel must make a proffer outside the presence of the jury as to what foundation he has for this allegation. Furthermore, although Defendant Belcher may question the agents about when insurers did or did not provide documents to the FBI, Defendant may not question the agents about why the insurer did or did not provide documents. Any such questioning would require the agents to speculate about the insurers' state of mind.

Page 5 of the Opposition states that SA Bachmann will testify about what her partner informed Dr. Belcher as to why he was charged. This topic seeks to elicit hearsay and thus is precluded.

Page 5 of the Opposition states that SA Bachmann will testify that she and another agent questioned Defendant Belcher and that he answered all of their questions. To the extent this topic seeks to elicit hearsay, it is precluded.

Page 4 of the Opposition states that Anthem's request for restitution gives Anthem a direct

3

Case No. 16-CR-00211-LHK
ORDER DENYING MOTION TO QUASH OR EXCLUDE

financial stake in the outcome of the criminal case. There has already been significant testimony from all the insurance company witnesses that the insurance companies can seek reimbursement from Defendant Belcher for any overpayment through the insurance companies' own billing procedures. Moreover, the probative value of any testimony about restitution is substantially outweighed by a danger of confusing the issues and misleading the jury because it would imply that restitution might confer a windfall on the insurers or that restitution is a punitive device akin to a fine, when any restitution by definition would reimburse the insurers for their losses. Such testimony would needlessly waste time because the government would have to explain restitution, its statutes, and its purpose as well as the process and timing of determining restitution. Moreover, this topic requires the agents to speculate about the insurers' states of mind. Thus, the topic of restitution is precluded.

Defendants' cross-examinations of FBI Special Agent Brian Taylor ("SA Taylor") at trial covered the following topics at length: the reimbursement claims Defendants submitted to insurers; the number of patients the government did and did not interview; which patient files were seized during the government's search; and the specifics of Defendant Belcher's physical therapy billing. The Court finds that the probative value of any further testimony on these topics would be cumulative and waste time.

Defendants' cross-examinations of Julia Haskins, Senior Investigator in Anthem's Special Investigations Unit, at trial covered the following topics at length: massage therapy CPT Codes, that Anthem's investigation first targeted Defendant Ganesh, and that Anthem's investigation determined that Defendant Belcher caused zero loss to Anthem. The Court finds that the probative value of any further testimony on these topics would be cumulative and waste time.

Finally, the Court notes that Defendants may ask the agents leading questions because the agents are "witness[es] identified with an adverse party." Fed. R. Evid. 611(c). Specifically, the agents are identified with an adverse party because they work for the FBI and conducted an investigation that led to criminal charges being filed against Defendants. *See Yousefi v. Delta Elec. Motors, Inc.*, 2015 WL 11217257, at *1 (W.D. Wash. May 11, 2015) ("[T]he touchstone of the

4
Case No. 16-CR-00211-LHK
ORDER DENYING MOTION TO QUASH OR EXCLUDE

analysis, whether explicitly stated or not, appears to be whether the relationship is one which, in the normal scheme of things, would give rise to a presumption of hostility or bias."). However, the Court cautions that if Defendants' leading questions stray into topics that the Court has precluded, the Court will not permit defense counsel to ask any further leading questions. *Imperiale v. City of San Diego*, 137 F. App'x 13, 14 (9th Cir. 2005) (noting Rule 611(c) vests broad discretion in district courts with regard to allowing leading questions).

**IT IS SO ORDERED.**

Dated: November 30, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge