UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>    v.<br><br>VILASINI GANESH and<br>GREGORY BELCHER,<br><br>            Defendants. | Case No. 16-CR-00211-LHK<br><br>**SECOND REVISED PROPOSED FINAL<br>JURY INSTRUCTIONS (ANNOTATED)** |

The parties shall file any objections or notice of no objections to these instructions by

Sunday, December 10, 2017, at 12:00 p.m. The parties shall file any responses to the objections by

Monday, December 11, 2017, at 9:00 a.m.

Dated: December 8, 2017

_____
LUCY H. KOH
United States District Judge

**JURY INSTRUCTION NO. 3.1**
**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. You may keep your copy of these instructions during closing arguments and in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.1 (2010 ed.).

**JURY INSTRUCTION NO. 3.2**
**CHARGE AGAINST DEFENDANT NOT EVIDENCE – PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**


The Indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.


*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.2 (2010 ed.) (as modified).

**JURY INSTRUCTION NO. 3.4**
**DEFENDANTS' DECISION TO TESTIFY**


The defendants have testified. You should treat this testimony just as you would the testimony of any other witness.


*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.4 (2010 ed.) (as modified).

1

2

**JURY INSTRUCTION NO. 3.5**
**REASONABLE DOUBT – DEFINED**

3

4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

5

6

7

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

8

9

10

11

12

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

13

14

15

16

17

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.5 (2010 ed.).

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 3.6**
**WHAT IS EVIDENCE**


The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which the parties have agreed.


*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.6 (2010 ed.).

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

**JURY INSTRUCTION NO. 3.7**
**WHAT IS NOT EVIDENCE**


In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


*Authority*: *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.7 (2010 ed.).

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

**JURY INSTRUCTION NO. 3.8**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.8 (2010 ed.).

**JURY INSTRUCTION NO. 3.9**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.9 (2010 ed.).

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3.10**
**ACTIVITIES NOT CHARGED**


You are here only to determine whether the defendants are guilty of the charges in the Indictment. The defendants are not on trial for any conduct or offense not charged in the Indictment.


*Authority*:  *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.10 (2010 ed.) (as modified).

# JURY INSTRUCTION NO. 3.13
## SEPARATE CONSIDERATION OF MULTIPLE COUNTS – MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All of the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

*Authority*:  *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.13 (2010 ed.) (as modified).

**JURY INSTRUCTION NO. 3.19**
**JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION**

The Hindi language has been used during this trial.

The evidence you are to consider is only that provided through the official court translator. Although some of you may know the Hindi language, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English translation and disregard any different meaning.

*Authority*:  *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.19 (2010 ed.) (as modified).

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3.20**
**ON OR ABOUT – DEFINED**

The indictment charges that the offenses alleged in the indictment were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

*Authority*:  *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.20 (2010 ed.) (as modified).

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

**JURY INSTRUCTION NO. 4.3**
**OTHER ACTS OF DEFENDANT**

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, plan, knowledge, identity, absence of mistake, absence of accident, and for no other purpose.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 4.3 (2010 ed.) (as modified).

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 4.14**
**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from Stacy Kinsel, Howard Friedman, Douglas Levinson, Carlene Kikugawa and Anna Glezer, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 4.14 (2010 ed.) (as modified).

**JURY INSTRUCTION NO. 4.16**
**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 4.16 (2010 ed.).

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 5.1**
**AIDING AND ABETTING MONEY LAUNDERING**
**(COUNTS NINETEEN THROUGH TWENTY-FOUR)**

A defendant may be found guilty of a crime even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. In Counts Nineteen through Twenty-Four, Defendant Vilasni Ganesh and Defendant Gregory Belcher have been charged with aiding and abetting money laundering. To prove a defendant guilty of a substantive crime by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, the substantive crime was committed by someone;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the substantive crime;

Third, the defendant acted with the intent to facilitate the substantive crime; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the substantive crime.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 5.1 (2010 ed.) (as modified).

17

**JURY INSTRUCTION NO. 5.5**
**DEFINITION – WILLFULLY**

The government must prove that the defendant acted willfully in committing health care fraud and making false statements related to health care matters. An act is done willfully if the defendant acted with bad purpose and with knowledge that the conduct was unlawful. The government need not prove that the defendant was aware of the specific provision of the law that the defendant is charged with violating or any other specific provision.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 5.5 (see comment) (2010 ed.); 18 U.S.C. § 1347(b) (modified to specify defendant charged with health care fraud).

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

**JURY INSTRUCTION NO. 5.6**
**DEFINITION – KNOWINGLY**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.

You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 5.6 (2010 ed.).

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 6.4**
**INSANITY**


Defendant Vilasini Ganesh contends she was insane at the time of the crime. Insanity is a defense to the charge. The sanity of the defendant at the time of the crime charged is therefore a question you must decide.

A defendant is insane only if at the time of the crime charged:

1.    The defendant had a severe mental disease or defect; and

2.    As a result, the defendant was unable to appreciate the nature and quality or the wrongfulness of her acts.

The defendant has the burden of proving the defense of insanity by clear and convincing evidence. Clear and convincing evidence of insanity means that it is highly probable that the defendant was insane at the time of the crime. Proof by clear and convincing evidence is a lower standard of proof than proof beyond a reasonable doubt.

You may consider evidence of defendant's mental condition before or after the crime to decide whether defendant was insane at the time of the crime. Insanity may be temporary or extended.

Your finding on the question of whether the defendant was insane at the time of the crime must be unanimous.


*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 6.4 (2010 ed.) (as modified).

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

# JURY INSTRUCTION NO. 7.1
## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 7.1 (2010 ed.).*

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

**JURY INSTRUCTION NO. 7.2**
**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 7.2 (2010 ed.).

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

**JURY INSTRUCTION NO. 7.3**
**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 7.3 (2010 ed.).

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

**JURY INSTRUCTION NO. 7.4**
**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 7.4 (2010 ed.).*

**JURY INSTRUCTION NO. 7.5**
**VERDICT FORM**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 7.5 (2010 ed.).

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

**JURY INSTRUCTION NO. 7.6**
**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 7.6 (2010 ed.).*

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

Each defendant is charged in Count One of the Indictment with Conspiring to Commit Health Care Fraud, in violation of Title 18, United States Code, Section 1349. In order for the defendant to be found guilty of Count One, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than on or about July 2009 and continuing to approximately January 2015, there was an agreement between two or more persons to commit the crime of health care fraud. I will instruct you regarding the elements of health care fraud in a subsequent instruction.

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 8.20 (2010 ed.) (as modified).

Each defendant is charged in Count Eighteen of the Indictment with Conspiring to Commit Money Laundering, in violation of Title 18, United States Code, Section 1349. In order for the defendant to be found guilty of Count Eighteen, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in at least May 2011 and continuing to approximately January 2014, there was an agreement between two or more persons to commit the crime of money laundering. I will instruct you regarding the elements of money laundering in a subsequent instruction.

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership--an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not

29

become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 8.20 (2010 ed.) (as modified).

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1)    the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2)    the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3)    the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 8.23 (2010 ed.).

Health care fraud under Section 1347 of Title 18 of the United States Code is the object of the conspiracy alleged in Count One against Defendant Vilasini Ganesh and Defendant Gregory Belcher. Defendant Vilasini Ganesh is also charged in Counts Two through Six of the Indictment with health care fraud in violation of Section 1347 of Title 18 of the United States Code. Defendant Gregory Belcher is also charged in Counts Seven through Ten of the Indictment with health care fraud in violation of Section 1347 of Title 18 of the United States Code. In order for either Defendant to be found guilty of health care fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly and willfully executed, or attempted to execute, a scheme or plan to defraud a health care benefit program, or to obtain money or property owned by, or under the custody or control of, a health care benefit program, by means of material false or fraudulent pretenses, representations, or promises;

Second, the defendant acted with the intent to defraud;

Third, Aetna, Anthem Blue Cross, Cigna, Blue Shield of California, and UnitedHealth Services were health care benefit programs;

Fourth, the scheme or plan was executed in connection with the delivery or payment for health care benefits, items, or services.

"Health care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

A "scheme to defraud" includes any deliberate plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.

32

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It does not matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

The required showing regarding a defendant's intent may be satisfied by circumstantial evidence that he acted with reckless indifference to the truth or falsity of his statements.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 8.128A (2010 ed.) (as modified); *Pattern Crim. Jury Instr. 11th Cir.*, O53 (2016 ed.) (as modified).

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 1035**
**ELEMENTS OF MAKING FALSE STATEMENTS RELATING TO HEALTH CARE**
**MATTERS**
**(COUNTS ELEVEN THROUGH SEVENTEEN)**

Defendant Vilasini Ganesh is charged in Counts Eleven through Fifteen of the Indictment with making false statements relating to health care matters in violation of Section 1035 of Title 18 of the United States Code. Defendant Gregory Belcher is charged in Counts Seventeen and Eighteen of the Indictment with making false statements relating to health care matters in violation of Section 1035 of Title 18 of the United States Code. In order for either defendant to be found guilty of making false statements relating to health care matters, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant made or used a materially false writing or document;

Second, that the defendant knew the materially false writing or document contained a materially false, fictitious, or fraudulent statement or entry;

Third, in connection with the delivery of or payment for health care benefits, items, or services involving a health care benefit program; and

Fourth, that the defendant did so knowingly and willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful

*Authority: Pattern Jury Instructions for Federal Criminal Cases District of South Carolina, 18 U.S.C. § 1035* (2016 ed.) (as modified).

**JURY INSTRUCTION NO. 8.147**
**MONEY LAUNDERING**
**(COUNTS NINETEEN THROUGH TWENTY-FOUR)**

Defendant Vilasini Ganesh and Defendant Gregory Belcher are charged in Counts Nineteen through Twenty-Four of the Indictment with laundering money, in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conducted a financial transaction involving property that represented the proceeds of health care fraud or submitting false statements related to health care matters;

Second, the defendant knew that the proceeds represented the proceeds of some form of unlawful activity; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds.

A financial transaction is a transaction involving the movement of funds by wire or other means, or one or more monetary instruments, or the use of a financial institution that is engaged in, or the activities of which affect interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony. I instruct you that health care fraud or submitting false statements related to health care matters are felonies.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 8.147 (2010 ed.) (as modified).*

Case No. 16-CR-00211-LHK
SECOND REVISED PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)